STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
RAY R. LOUF, DEFENDANT-APPELLANT.

STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JO-
SEPH ZICARELLI AND FRANK MALLAMACI, DEFEND-
ANTS-RESPONDENTS.

Argued November 5, 1973—Decided December 19, 1973.

*Mr. Gerald D. Miller* argued the cause for defendant Louf (*Messrs. Miller, Hochman, Myerson & Miller,* attorneys).

*Mr. Howard E. Drucks,* Deputy Attorney General, argued both causes for plaintiff (*Mr. Michael R. Perle and Mr. Edward Roy Rosen,* Deputy Attorneys General, of counsel; *Mr. Perle* on the brief; *Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

*Mr. Harvey Weissbard* argued the cause for defendant Zicarelli (*Messrs. Querques, Isles & Weissbard,* attorneys).

*Mr. I. Mark Cohen,* Assistant Deputy Public Defender, argued the cause for defendant Mallamaci (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

PER CURIAM. This case grows out of an investigation by the State Grand Jury of an illegal gambling enterprise in Hudson County, controlled and supervised by Joseph Zicarelli. Several indictments were returned. The particular indictment here involved, SGJ2–70–8E, is in five counts and is against Zicarelli, his associate Frank Mallamaci, and Ray Louf who was captain of detectives in the Hudson County Prosecutor's office. The first count charged all three defendants with protecting Zicarelli's gambling operation from investigation, detection and prosecution. The second and third counts charged Louf with having accepted a $100 bribe from Zicarelli on each of two specified dates as a pecuniary reward for his misconduct. The fourth and fifth counts charged Zicarelli and Mallamaci with aiding, abetting, in-

ducing, procuring and causing the payment to Louf of $100 on each of the dates mentioned. Following a lengthy trial, defendants were convicted on all counts. Appeals were duly prosecuted on their behalf.

The Appellate Division in an opinion reported at 126 *N. J. Super.* 321 (1973) affirmed the conviction of Louf for conspiracy and accepting bribes, rejecting all of his contentions as to alleged error. However, it reversed the convictions of Zicarelli and Mallamaci. On the conspiracy count, the Appellate Division held that there was but a single conspiracy embracing Zicarelli's gambling enterprise throughout Hudson County, and that the corrupt agreement with Louf was part of this overall conspiracy. Since Zicarelli and Mallamaci, along with others, had already been tried and convicted of this conspiracy, insofar as it involved other public officials in Hudson County,[1] the Appellate Division ruled that these defendants could not be tried again for the same conspiracy, even though the bribery of a different person was here involved.[2]

The Appellate Division also held that "[S]ince testimony which was admissible only on the conspiracy count, and which would not have been admissible on the substantive counts (IV and V) against Zicarelli and Mallamaci, was admitted at the trial below," their convictions on these counts would have to be reversed. A new trial was ordered as to these counts.

Louf filed a petition for certification seeking review of his conviction. The State filed its petition for certification as to the reversal of Zicarelli's and Mallamaci's convictions

---

[1]See *State v. Zicarelli*, 122 *N. J. Super.* 225 (App. Div. 1973), certif. den. *State v. Mallamaci*, 62 *N. J.* 429 (1973) ; *State v. Fourgeral*, 63 *N. J.* 245 (1973) ; *State v. Bruschi*, 63 *N. J.* 245 (1973) ; *State v. Zicarelli*, 63 *N. J.* 252 (1973), *cert.* den. *sub nom Zicarelli v. New Jersey*, 414 *U. S.* 875, 94 S. Ct. 71, 38 L. Ed. 2d 120 (1973).

[2]This ruling did not affect Louf's conviction on the conspiracy charge as he was not a defendant in the earlier trial.

on the substantive counts; however, it did not challenge the dismissal of the conspiracy charge against Zicarelli and Mallamaci. This Court granted certification on both petitions, 63 *N. J.* 556, 557 (1973), and at the same time ordered acceleration and consolidation of the two matters.

We first consider the Louf appeal. He argues, as he did before the Appellate Division, that the trial court erroneously instructed the jury concerning the elements of the crime of bribery, the designation of venue in Burlington County was improper and erroneous, the trial court improperly permitted a police officer to testify that in his opinion a gambling operation of the size that existed in Hudson County could not continue without paying off public officials, and the sentence he received was arbitrary and excessive. The Appellate Division found no merit or substance to these contentions. We likewise reject them for substantially the same reasons given by the Appellate Division in its opinion.

It is further argued that "The Appellate Division should have granted Ray Louf a new trial when it granted Zicarelli and Mallamaci a new trial on the substantive counts of their indictment." As heretofore noted, the Appellate Division ordered a new trial for Zicarelli and Mallamaci on the substantive counts holding that evidence had been admitted which related only to the conspiracy, and was not competent or admissible with regard to the substantive charges. Louf argues that he was not charged with or tried for being a member of a conspiracy with other public officials and that it was prejudicial to permit testimony concerning "these other conspiracies."

This contention is also lacking in merit. The Appellate Division found that there was but a single overall conspiracy involved and that Louf was a part of it. The evidence in question was admissible against Louf on the conspiracy charge against him and was also properly received in evidence on the substantive charges growing out of the conspiracy. *State v. Yormark,* 117 *N. J. Super.* 315,

336 (App. Div. 1971), certif. den. 60 *N. J.* 138 (1972), *cert. den. Mulvaney v. New Jersey,* 407 *U. S.* 925, 92 S. Ct. 2459, 32 L. Ed. 2d 812 (1972). Louf's conviction is in all respects affirmed.

■ We now turn to the Appellate Division ruling which granted Zicarelli and Mallamaci a new trial on counts four and five. The Appellate Division did not specify what testimony it found to have been admissible only on the charge of conspiracy and not on the substantive counts of bribery. However, it would appear that the court was referring to evidence of other crimes involving the bribery and corruption of other public officials in Hudson County.

We conclude that this part of the Appellate Division ruling was erroneous. This Court has held that where a conspiracy is shown to exist, the acts and declarations of any of the conspirators in furtherance of the common design may be given in evidence against any other conspirator. The rule is applicable where it is charged that a crime was committed in pursuance of a conspiracy, whether or not the indictment contains a count for such conspiracy. *State v. Rios,* 17 *N. J.* 572, 596 (1955); *State v. Carbone,* 10 *N. J.* 329, 338 (1952). Counsel for Zicarelli concedes that the Appellate Division was in error in its reasoning should this Court adhere to *Rios* and *Carbone.* However, it is urged that evidence of other crimes, including the presentation of hearsay testimony, admissible on a conspiracy count, ought not to be permitted unless conspiracy is charged, even though there is proof of a joint criminal venture. A contrary result, argues counsel, constitutes an invitation to turn every joint trial into a "mini-conspiracy" case.

■ ■ This argument is not persuasive. There is no evidence that Zicarelli and Mallamaci had bribed Louf directly. The proofs were to the effect that the payments to Louf, made by one Peter Policastro, were an integral part of an overall conspiracy to maintain a gambling operation in Hudson County and to "buy" protection where needed. The most that the State could show was that Zicarelli controlled

and Mallamaci ran the overall illicit enterprise. Therefore it proceeded against these defendants as aiders and abettors. As a practical matter it would have been difficult if not impossible for the jury to understand defendants' involvement in the bribery of Louf unless the full picture of the conspiracy was presented.

The general rule is that where a defendant is tried on a criminal charge, evidence that he committed another crime is not admissible to prove the accusation. *New Jersey Rules of Evidence, Rule* 55. However, where such evidence tends to establish the existence of a larger continuing plan of which the crime on trial is a part, it is admissible for such purpose. *Cf. State v. Fay,* 127 *N. J. L.* 77, 83 (Sup. Ct. 1941); *New Jersey Rules of Evidence, Rule* 55, § 55–3(a). *McCormick* (2d ed. 1972), Evidence, § 190, pp. 448–449.

We conclude that the State had the right to establish the substantive charges against Zicarelli and Mallamaci by showing that (1) the bribery of Louf was in furtherance of a larger conspiracy to maintain gambling in Hudson County and to "buy" protection where needed, and (2) Zicarelli and Mallamaci, although they did not bribe Louf directly, were in charge of and controlled the illicit gambling enterprise.

■ Finally, defendant Zicarelli contends that the substantive charges against him should have been dismissed; not strictly on double jeopardy grounds, but rather on the ground that separate prosecutions for similar offenses all arising out of the same general series of events constitute a form of harassment prohibited by the due process clause.

We cannot agree that defendant was subjected to undue harassment. The conspiracy was shown to have embraced Hudson County and involved a great number of public officials and other persons. A single trial of all of the indictments would have involved too many defendants and too many issues. While only one conspiracy was involved, it was of such magnitude and on such a vast scale that it would have been virtually impossible to fit all of its ramifications within a single prosecution. This issue, in any event, was

not raised at trial and is not cognizable on appeal except on grounds of plain error, not here asserted.

The judgment of the Appellate Division sustaining the conviction of Louf is affirmed. That part of the Appellate Division ruling which vacated Zicarelli's and Mallamaci's convictions on the fourth and fifth counts and granted them a new trial thereon is reversed and the judgments of conviction are hereby reinstated.

*For affirmance in part and reversal in part*—Acting Chief Justice JACOBS, Justices HALL, SULLIVAN, PASHMAN and CLIFFORD and Judges CONFORD and COLLESTER—7.