153 N.J. Super. 258 (1977)
379 A.2d 489
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOSEPH D'ARCO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 4, 1977.
Decided October 24, 1977.
*260 Before Judges BISCHOFF, KOLE and GAULKIN.
Mr. William A. Sala, Jr. argued the cause for appellant.
*261 Ms. Katherine Graham, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Solomon Rosengarten, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KOLE, J.A.D.
Defendant was indicted in four counts charging him with conspiracy (N.J.S.A. 2A:98-1 and 2A:98-2) (count 1); misconduct in office (N.J.S.A. 2A:85-1 and 2A:85-14) (count 2); solicitation of misconduct in office of Charles Dorman (N.J.S.A. 2A:85-1) (count 3), and bribery of Dorman in violation of N.J.S.A. 2A:85-1 (count 4). After a jury trial he was found guilty on all counts with the exception of the conspiracy charge (count 1). He was sentenced to an aggregate term of 364 days in the county jail, all but four months of which was suspended. A total fine of $1,000 was also imposed, and he was placed on probation.[1]
Defendant appeals on the following grounds: (1) "the statements made by * * * Farinella to * * * Greydanus and testified to by Greydanus as an exception to the hearsay rule under [Evid. R. 63(9)] should not have been admitted in evidence since they violated the defendant's right to confront witnesses as provided by the Sixth Amendment of the U.S. Constitution"; (2) "the testimony of * * * Greydanus as to payment by him to the defendant of $500 should have been excluded by the trial court under [Evid. R. 4] since the testimony clearly revealed that said payment was a gift"; (3) "the taped conversation between * * * Scaletti *262 and * * * Gola on January 16, 1975, an alleged co-conspirator, should not have been admitted in evidence against the defendant since the declarations of Gola were not in furtherance of the conspiracy"; (4) "the trial judge should have granted the defendant's motion for judgment of acquittal pursuant to R. 3:18-2 on count two [misconduct in office] because the defendant was found not guilty of count one  conspiracy"; and (5) "justice mandates a new trial as to counts two, three and four [misconduct in office, solicitation of misconduct in office and bribery] since a multitude of evidence was admitted in evidence under the co-conspirator exception to the hearsay rule and the defendant was found not guilty of conspiracy".
We have reviewed the record in the light of applicable law and find that there is plainly no merit to any of these contentions.
It is established that evidence of hearsay statements made by co-conspirators pursuant to Evid. R. 63(9) does not offend the Sixth Amendment's guarantee of the right to confront witnesses. State v. Sherwin, 127 N.J. Super. 370, 382-383 (App. Div.), certif. den. 65 N.J. 569, cert. dism. sub nom. Loughran v. New Jersey, 419 U.S. 801, 95 S.Ct. 9, 42 L.Ed.2d 32 (1974); State v. Seaman, 114 N.J. Super. 19, 27-28 (App. Div.), certif. den. 58 N.J. 594 (1971), cert. den. 404 U.S. 1015, 92 S.Ct. 674, 30 L.Ed.2d 662 (1972); State v. Boiardo, 111 N.J. Super. 219, 229-230 (App. Div. 1970), certif. den. 57 N.J. 130 (1970), cert. den. 401 U.S. 948, 91 S.Ct. 931, 28 L.Ed.2d 231 (1971). Such evidence is clearly admissible as long as there is independent proof of the conspiracy and defendant's participation therein. State v. Boiardo, supra, 111 N.J. Super. at 231.
Such independent proof was provided by the testimony of defendant's fellow freeholder Dorman, who stated that defendant solicited his help in creating a voting bloc for the purposes of extorting money from those individuals and businesses seeking to do work for the county. Dorman *263 testified to receiving money from defendant to solidify this pact, which he later returned to defendant. This showing of the likelihood of an illicit association was sufficient independent proof to permit the admission of hearsay statements of the other alleged co-conspirators against the defendant under Evid. R. 63 (9). State v. Sherwin, supra, 127 N.J. Super. at 383.
The testimony of Greydanus, a victim of the extortion scheme, with respect to a payment by him to defendant of $500 was properly before the jury. Contrary to defendant's claim, the testimony that this was a gift was not uncontradicted. Greydanus' testimony regarding a statement made to him by Farinella, an alleged co-conspirator, clearly raised an inference that the $500 may not have been a gift at all. A fact issue was thus created for the jury's determination. The evidence was properly placed before it in that context.
We are satisfied that the taped conversation between Gola, one of the alleged co-conspirators, and another victim of the extortion scheme, Scaletti, was properly admitted under Evid. R. 63(9) as in furtherance of the conspiracy. It reasonably may be inferred therefrom that the conspiracy was to continue beyond the date of that conversation. See State v. Farinella, 150 N.J. Super. 61, 67 (App. Div. 1977). In any event, there was ample other evidence of the conspiracy which would justify the admission of this conversation as being in furtherance thereof. Moreover, both the victim and the alleged co-conspirator were available to defendant for cross-examination as to that conversation, since both of them testified at the trial. Cf. United States v. Rodriguez, 509 F.2d 1342 (5 Cir.1975); Clemons v. United States, 133 U.S. App. D.C. 27, 39-40, 408 F.2d 1230, 1242-1243 (D.C. Cir.1968), cert. den. 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969). Defendant was in no wise prejudiced by reason of the admission thereof.
Defendant claims that a post-trial judgment of acquittal should have been granted on the misconduct in office charge *264 (count 2). He contends that the jury's determination of innocence as to the conspiracy offense (count 1) is inconsistent with its guilty finding as to misconduct in office, since the count charging such misconduct in office was framed in terms of defendant's action in concert with the same alleged co-conspirators named in the conspiracy count. Hence, it is argued a not guilty verdict as to the conspiracy mandated as well a determination of not guilty as to the misconduct in office charge. This claim is without substance.
The crime of conspiracy is a separate offense from the substantive crime that was the object of such conspiracy and that was charged as a separate count in the indictment. The acquittal on the conspiracy charge (count 1) does not require a reversal of the misconduct in office conviction (count 2). Consistency in the verdicts on both counts of the indictment is not necessary. See State v. Roller, 29 N.J. 339, 348-350 (1959); State v. Lawrence, 142 N.J. Super. 208, 215-216 (App. Div. 1976); State v. Still, 112 N.J. Super. 368, 373 (App. Div. 1970), certif. den. 57 N.J. 600 (1971)[2]
Viewing the evidence in its entirety, and giving the State the benefit of all the favorable inferences which could reasonably be drawn therefrom, a jury could fairly find that defendant's guilt on the misconduct in office count was established beyond a reasonable doubt. Accordingly, defendant's motion for judgment of acquittal of that charge was properly *265 denied. R. 3:18-2; State v. Reyes, 50 N.J. 454, 458-459 (1967); State v. Rodriquez, 141 N.J. Super. 7 (App. Div.), certif. den. 71 N.J. 495 (1976).
There is likewise no basis for defendant's claims that the alleged co-conspirators' hearsay testimony admitted pursuant to Evid. R. 63(9) prejudicially tainted the jury's determination with regard to the substantive charges in the indictment. The trial judge charged the jury that such testimony was to be considered only if it found a conspiracy had been established by independent proof in the case. Since the jury concluded that the State had failed to prove defendant guilty of conspiracy, it presumably did not consider such hearsay testimony for purposes of deciding defendant's guilt as to the three substantive charges.
Moreover, a careful examination of the proofs persuades us that there was ample credible evidence  entirely apart from the hearsay statements of such co-conspirators  to support the jury verdicts of guilt beyond a reasonable doubt on the substantive offenses charged in counts 2, 3 and 4. The misconduct in office charge (count 2), the solicitation of misconduct in office of Charles Dorman (count 3) and the bribery of Charles Dorman (count 4) were all supported by Dorman's own testimony, which the jury reasonably could believe. Additionally, the misconduct in office charge (count 2) was also supported by the jury's not unreasonable apparent refusal to credit the testimony given by both Greydanus and defendant on the stand that the $500 payment from Greydanus to defendant was in fact a gift.
Thus, we are fully satisfied that the admission of the alleged co-conspirators' hearsay statements did not taint or prejudicially affect the jury's verdicts on the substantive charges; and that the verdicts did not constitute a miscarriage of justice under the law. Accordingly, defendant's motion for a new trial properly was denied. R. 2:10-1; State v. Sims, 65 N.J. 359, 373-374 (1974).
We note that the misconduct in office charge (count 2) alleges that it was committed while defendant acted "in *266 concert" with the two other freeholders, Gola and Farinella. As already indicated, the conspiracy charge also involved the same persons and the jury acquitted defendant of that charge. We need not speculate as to the reasons that prompted such acquittal. There was adequate independent proof of the likelihood of defendant's illicit association and plan with these men, in connection with the misconduct in office charge, to justify the admission into evidence, and consideration by the jury, of their hearsay statements with respect to that substantive offense  and this, irrespective of the jury's acquittal on the conspiracy charge and even if there had been no separate conspiracy count. See State v. Louf, 64 N.J. 172, 176-178 (1973); State v. Sherwin, supra, 127 N.J. Super. at 383; State v. Seaman, supra, 111 N.J. Super. at 28.
In any event, in view of our conclusion that the allaged co-conspirators' hearsay statements did not taint the verdicts as to any of the three substantive counts, we need not decide whether, under the circumstances of this case, the jury nevertheless properly could have considered these statements, in connection with the other proofs, on all of the substantive offenses, once the court had ruled in favor of their admissibility under Evid. R. 63(9). See and compare State v. Louf, supra; State v. Boiardo, supra, 111 N.J. Super. at 235-236. See also United States v. Rodrigues, 491 F.2d 663, 666 (3 Cir.1974); United States v. Ragland, 375 F.2d 471, 478-479 (2 Cir.1967), cert. den. 390 U.S. 925, 88 S.Ct. 860, 19 L.Ed.2d 987 (1968); State v. Farinella, supra.[3]
Affirmed.
NOTES
[1] Actually, he was given a sentence of 364 days on count 2, misconduct in office; he was to serve 4 months and the balance of the term was suspended; he was placed on 1 year's probation and a $500 fine was imposed. On count 3, solicitation of misconduct in office, a suspended sentence for a term of 364 days to the county jail and a $500 fine were imposed. On count 4 involving bribery, a suspended sentence of 364 days to the county jail was imposed.
[2] Defendant's reliance on cases such as State v. Cormier, 46 N.J. 494 (1966), is misplaced. Cormier involved two separate trials on separate indictments. The first trial resulted in an acquittal of a conspiracy to obtain loans from banks through false statements. Defendant was thereafter separately tried for the offense of obtaining such loans and was found guilty. During that trial the evidence was substantially the same as that introduced in the first trial. Under these circumstances, the Supreme Court invoked the doctrine of collateral estoppel and reversed the second conviction. Here, there was no severance of the conspiracy and substantive counts. Cormier does not apply where there is a single trial of multiple counts of the same indictment.
[3] We note additionally that the jury here found guilt on the substantive misconduct in office offense (count 2) in which concerted action was charged. This implicit determination of planned action may also support the use by it of such co-conspirators' hearsay statements as to the other substantive counts (counts 3 and 4).