167 N.J. Super. 166 (1979)
400 A.2d 567
STATE OF NEW JERSEY, PLAINTIFF,
v.
MORRIS HACKER, JAMES JOYCE, WAYNE DeBELLIS AND MILES BURKE, DEFENDANTS.
Superior Court of New Jersey, Law Division (Criminal).
Decided March 15, 1979.
*168 Mr. John J. Degnan, Attorney General for the State of New Jersey (Mr. Robert DeGeorge and Ms. Ileana N. Saros, Deputy Attorneys General, appearing).
*169 Mr. Sal B. Daidone for defendant Morris Hacker.
Mr. Francis J. Hartman for defendant James Joyce.
Mr. Charles H. Nugent for defendant Wayne DeBellis.
Mr. R. Alan Aslaksen for defendant Miles Burke.
IMBRIANI, J.S.C.
Are statements of persons previously acquitted of conspiracy admissible against an alleged coconspirator as a vicarious admission exception to the hearsay rule (often called the coconspirator rule)? The applicable rule is Evid. R. 63(9)(b) which provides:
"A statement which would be admissible if made by the declarant at the hearing is admissible against a party if * * * (b) at the time the statement was made the party and the declarant were participating in a plan to commit a crime or civil wrong and the statement was made in furtherance of that plan."
This is substantially similar to Federal Rule 801(d) which provides that a "statement is not hearsay if * * * (2) * * * offered against a party and is * * * (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy".
This rule does not offend the right to be confronted by witnesses, as guaranteed by the Sixth Amendment. State v. D'Arco, 153 N.J. Super. 258, 262 (App. Div. 1977).
A multi-count indictment charged four defendants and several unindicted persons with conspiracy. Another 61 counts charged one or more of the four defendants with other crimes.
When called for trial eight months ago, defendant Morris Hacker was severed from that trial for medical reasons. He is now being tried separately. At the earlier trial defendants Joyce and Burke were acquitted of conspiracy (although Joyce was convicted of other charges), and the third *170 defendant, DeBellis, was convicted of conspiracy and other charges.
In this trial against Hacker only, the State seeks to offer statements made by Joyce and Burke allegedly during and in furtherance of the conspiracy.
Hacker objects because Joyce and Burke were acquitted of conspiracy at the earlier trial. That acquittal, he says, means that they were not conspirators.
The coconspirator rule was first enunciated in the United States by Mr. Justice Story in United States v. Gooding, 25 U.S. (12 Wheat.) 460, 469, 6 L.Ed. 693, 696 (1827). Since then it has received widespread acceptance. "Developments in the Law-Criminal Conspiracy", 72 Harv. L. Rev. 920, 988-9 (1959).
New Jersey espoused the coconspirator rule at least as early as State v. Carbone, 10 N.J. 329, 340 (1952), which held that a "conspiracy is a partnership in crime" and "each conspirator [is] liable under the criminal law for the acts of every other conspirator done in pursuance of the conspiracy." See also, State v. Rios, 17 N.J. 572, 596 (1955); State v. Yedwab, 43 N.J. Super. 367, 374 (App. Div. 1957).
The rule was adopted by the Report of the New Jersey Supreme Court, Committee on Evidence (March 1963) and is now embodied in Evid. R. 63(9)(b).
A conspiracy is an agreement of two or more persons to do an unlawful act, or to do a lawful act by unlawful means. The gist of the offense is not the doing of the act but simply the entering into the scheme or agreement. State v. Carbone, supra, 10 N.J. at 336-337.
We are not concerned in this case with the principles that one may not be convicted of conspiracy if all of the other alleged conspirators are acquitted, see Annotation "Conspiracy," 91 A.L.R. 2d 700, 705 (1963), or if all of the others never intended to enter into a criminal agreement (they were police officers). State v. Mazur, 158 N.J. Super. 89 (App. Div. 1978).
*171 A conspiracy requires the agreement of two or more parties, and one person cannot commit the offense. The recently developed "unilateral" or single person theory adopted by the proposed New Jersey Penal Code, § 2C:5-3(a), applies only to offenses committed after September 1, 1979. State v. Mazur, supra at 101.
Rather, here we are concerned with the question whether one acquitted of conspiracy may be deemed by a subsequent jury to have been a participant in a plan to commit a crime in the very conspiracy for which he was previously acquitted as a participant.
This issue was discussed in State v. D'Arco, supra, where defendant was charged with conspiracy, misconduct in office, solicitation of misconduct and bribery. The hearsay statements (taped telephone conversations) between two other persons who were allegedly a part of the conspiracy were admitted in support of the conspiracy count pursuant to Evid. R. 63(9). It may be significant that the misconduct in office charge was also framed in terms that defendant acted "in concert" with the two persons whose telephone conversation was taped. Defendant was found not guilty of conspiracy and guilty of the three substantive offenses.
D'Arco sought a new trial because the jury "may have" considered the hearsay evidence allowed on the conspiracy charge in convicting him of misconduct in office. The Appellate Division refused to "speculate as to the reasons that prompted such acquittal," id., 153 N.J. Super. at 266, noted the adequacy of independent proof of defendant's guilt of the three substantive offenses, and concluded that the hearsay statements of coconspirators did not taint the convictions.
But could the jury have properly considered the statements of the coconspirators in their conviction for misconduct in office since that charge alleged that defendant acted "in concert" with the persons whose hearsay statements were admitted in evidence? Or did the acquittal on the conspiracy charge prevent the jury from finding that defendant was a participant in a plan to commit a crime *172 by acting "in concert" with others as alleged in the misconduct in office charge? The court declined to answer these questions.
While the Federal Rules use of the phrase "statement by a co-conspirator" may suggest that such rule is limited to cases where a conspiracy is charged, the absence of such language in our rules must mean that Evid R. 63(9)(b) is applicable to any case where concert of action is alleged. Curiously, research indicates that the use of this rule in New Jersey, at least in criminal cases, has been limited to conspiracy charges.
D'Arco appears to support admissibility in spite of the acquittal of the conspiracy charge, since it noted that
There was adequate independent proof of the likelihood of defendant's illicit association and plan with these men [i.e., the persons whose telephone conversation was taped], in connection with the misconduct in office charge, to justify the admission into evidence, and consideration by the jury, of their hearsay statements with respect to that substantive offense  and this, irrespective of the jury's acquittal on the conspiracy charge and even if there had been no separate conspiracy count. [at 266]
Unfortunately, in the very next sentence the court said it "need not decide" this issue so the above quotation is dictum.
What is the basis for objection to this evidence? Exclusion apparently is premised on the hypothesis that a person acquitted is innocent of the offense charged. But is that so? "[A] not guilty verdict is not necessarily a declaration of innocence by the jury, but simply an indication of lack of proof of guilt beyond reasonable doubt." United States v. Fox, 130 F.2d 56, 58 (3 Cir.1942).
Unfortunately, we do not provide, as do some foreign countries, for a third verdict, i.e., something such as "guilt not proven beyond a reasonable doubt." If we did, we would know when a verdict was or was not a "declaration of innocence."
*173 Why would a jury acquit except where it found the defendant innocent? There are a myriad of reasons. For example, the prosecutor may have done a poor job, or defense counsel may have done an exceptionally good job, or the witnesses for the State may have testified poorly, or the quantum or quality of the evidence offered by the State may have been inferior. One could go on and on. But it is clear that it is unrealistic to equate a verdict of "not guilty" with a "declaration of innocence."
This court is satisfied that the earlier acquittals of Joyce and Burke are not dispositive of the question of whether they were part of a "plan to commit a crime," and statements made by Joyce and Burke during and in furtherance of a plan to commit a crime with this defendant are admissible pursuant to Evid. R. 63(9)(b).
We must next decide the quantum of proof necessary before this jury may find that Joyce or Burke were members of a plan to commit a crime with defendant. Must the jury find "beyond a reasonable doubt" that Joyce and Burke were members of the conspiracy? This court thinks not.
The federal rule is that after a jury has found beyond a reasonable doubt from proof aliunde that a conspiracy existed, it could find that one was a member of that conspiracy on the basis of only "slight evidence." United States v. Addonizio, 449 F.2d 100, 102 (3 Cir.1971); United States v. Gimelstob, 475 F.2d 157, 164 (3 Cir.1973), cert. den. 414 U.S. 828, 94 S.Ct. 49, 38 L.Ed.2d 62 (1973), reh. den. 414 U.S. 1086, 94 S.Ct. 606, 38 L.Ed.2d 491 (1973). Surprisingly, the "slight evidence" rule was used in those cases, not to support the admissibility of a statement of a coconspirator, but to permit the jury to find the defendant was a member of the conspiracy and convict him. We need not go that far. Here we are concerned only with the admissibility of evidence.
This court could find no New Jersey case directly in point, but the "slight evidence" rule appears to have the approval of our appellate courts. State v. Carbone, supra, *174 10 N.J. at 340, stated that "[t]he least degree of concert of action suffices to render the act of one conspirator the act of all." Also in State v. Boiardo, 111 N.J. Super. 219, 230-1 (App. Div. 1970), certif. den. 57 N.J. 130 (1970), cert. den. 401 U.S. 948, 91 S.Ct. 931, 28 L.Ed.2d 231 (1971), a conviction for conspiracy was sustained on the basis of what appeared to be "slight evidence," although that phrase was not used.
Once this jury is satisfied beyond a reasonable doubt by proof aliunde that a conspiracy existed, it may conclude on the basis of only "slight evidence" that Joyce and Burke were coconspirators. Once it so finds, it may consider their statements to support the conspiracy charges against this defendant. Of course, the jury must be instructed that even if it uses the statements of a coconspirator, it may convict defendant only if satisfied from all of the evidence of his guilt beyond a reasonable doubt.
The final question is whether defendant may elicit testimony that Joyce and Burke were previously acquitted of conspiracy. As noted, we can never know the reasons for their acquittals. Unlike the D'Arco situation, the proofs before this jury may differ significantly from those presented at the earlier trial. This jury is sworn to render a verdict based solely upon the evidence presented in this trial. So of what relevancy is it what verdicts were returned by an earlier jury in a case involving different defendants where the proofs and course of trial in all probability were different? This court can perceive none.
Accordingly, counsel shall not be permitted to offer evidence of the earlier verdict. It would follow that the State would likewise be precluded from eliciting evidence that a witness was previously convicted of conspiracy were the facts otherwise.