

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2008

# Clark v. Ricci

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4985

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Clark v. Ricci" (2008). *2008 Decisions.* Paper 901.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/901

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4985

———

DERRICK CLARK,
                    Appellant

v.

MICHELLE R. RICCI; ANNE MILGRAM,*
The Attorney General of the
State of New Jersey

(*Amended per Clerk's Order of 9/12/07)

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 02-cv-04148)
District Judge: Honorable Joel A. Pisano

———

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2008

Before:  SLOVITER, BARRY, and ROTH, Circuit Judges

(Filed:  July 7, 2008)

———

OPINION

———

SLOVITER, <u>Circuit Judge</u>.

Petitioner, Derrick Clark, appeals the District Court's dismissal of his petition for a writ of habeas corpus. The matter comes before us following the grant of a certificate of appealability by a motion panel of this court.

**I.**

Petitioner Derrick Clark and three other armed men went on a crime spree on August 10, 1991, robbing two convenience stores in Irvington, New Jersey, and killing a security guard in the process. Witnesses reported that the perpetrators used a red Ford Mustang in connection with the robberies. Earlier that evening, the same Mustang had been reported stolen from the parking lot of a mall in Livingston, New Jersey. Police discovered a blue Ford Escort parked with its motor running in the parking spot next to the spot from which the Mustang was reported stolen. Fingerprints taken from the Mustang belonged to Marcus Anthony and Elijah Bryant, and fingerprints taken from the Ford Escort belonged to Anthony and Clark. Anthony made a statement to the police implicating himself, Clark, Bryant, and Kevin Martin in the robberies, and later testified to the same at trial.

Clark was indicted in New Jersey on eighteen counts of criminal conduct. He was tried in a New Jersey state trial court and was acquitted on several counts, but the jury was unable to reach a verdict as to the remaining counts. There were two retrials, both ending in mistrials. Following a third retrial, the jury convicted Clark on all remaining

2

counts, i.e., conspiracy to commit robbery, first degree robbery, receiving stolen property, unlawful possession of a .38 caliber handgun, unlawful possession of the handgun to use unlawfully against the person of another, and felony murder in the course of committing the robbery. He was sentenced to a total of forty-five years of imprisonment, with thirty-five years of parole ineligibility. The Appellate Division of the Superior Court of New Jersey affirmed Clark's conviction and sentence, and the Supreme Court of New Jersey denied certification.

Clark filed a pro se petition for post-conviction relief in the Superior Court of New Jersey, Law Division. Clark argued, inter alia, that his counsel provided ineffective assistance on several grounds. After Clark waived his right to an evidentiary hearing, the court denied his petition. Clark appealed, limiting the grounds of his ineffective assistance claim to trial counsel's failure to object to the accomplice liability charge. The Appellate Division affirmed, concluding that the allegations of derelictions of counsel were without merit. The Supreme Court of New Jersey denied certification.

Clark filed a timely petition for a writ of habeas corpus in federal court which was denied. This court granted Clark a certificate of appealability on two issues: (1) "whether [Clark]'s ineffective assistance of counsel claims for failing to object to testimony about the stolen Escort and failing to properly investigate and present witnesses are unexhausted such that the District Court should have dismissed the petition as mixed or stayed the petition pending exhaustion;" and (2) "whether counsel was ineffective in failing to

3

challenge the accomplice liability instruction under state law . . . ." App. at 60.[1]

## II.

Clark's trial counsel failed to object to testimony about the stolen Ford Escort. In his petition for post-conviction relief, Clark argued that his trial counsel's failure to object to that testimony, as well as trial counsel's failure to call certain witnesses, constituted ineffective assistance of counsel. These arguments were rejected by the Law Division and Clark failed to raise them in his appeal of the Law Division's decision. The Appellate Division affirmed the denial of Clark's petition for post-conviction relief. Thus, these ineffective assistance of counsel claims were not properly exhausted. Nonetheless, we may deny unexhausted claims if they are without merit. See 28 U.S.C. § 2254(b)(2); see also Bronshtein v. Horn, 404 F.3d 700, 728 (3d Cir. 2005). We so conclude.

The testimony about the stolen Ford Escort, from which Clark's fingerprints were retrieved, not only revealed the context and planning of the criminal conspiracy charged, see, e.g., State v. Louf, 313 A.2d 793, 796 (N.J. 1973) (holding that "where such evidence tends to establish the existence of a larger continuing plan of which the crime on trial is a part, it is admissible"), but also constituted circumstantial evidence linking Clark to that

---

[1] The District Court had jurisdiction over Clark's petition pursuant to 28 U.S.C. §§ 2241 and 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c). We exercise plenary review over a district court's denial of habeas relief. See Jacobs v. Horn, 395 F.3d 92, 99 (3d Cir. 2005).

4

conspiracy and corroborating co-conspirator Anthony's testimony. The Superior Court rejected Clark's challenge to the admissibility of this evidence on direct appeal. We conclude that counsel's failure to object to the admission of this evidence at trial was not unreasonable, and therefore appellate counsel's failure to raise this claim on appeal was not ineffective.

Clark also contends that trial counsel was ineffective in failing to call certain witnesses, in particular his parents, a police sergeant, and a social worker. He has not shown that any of those "witnesses" would have provided relevant evidence.

Even if Clark's parents would have testified that Clark did not turn himself in to the police because he was guilty but because he was afraid, Clark's motivation for his surrender was not at issue during the trial. The fact that co-conspirator Anthony recanted his initial statement, the basis for Clark's argument that counsel should have called the sergeant who took the recantation, would have been irrelevant because Anthony did in fact later testify and his recantation was known to the jury. Finally, the social worker who Clark argues should have been called would not have offered relevant testimony because Clark's purported prior confession to that social worker was not introduced at this trial.

Trial counsel's strategic decisions not to call these witnesses were not unreasonable. Hess v. Mazurkiewicz, 135 F.3d 905, 908-09 (3d Cir. 1998). Clark's ineffective assistance claims on these grounds fail.

## III.

Finally, Clark alleges his trial counsel was ineffective in failing to object to the trial court's jury instruction regarding accomplice liability. Under New Jersey law, a conviction for robbery may lie where a defendant, in the course of a theft, uses force upon another or threatens another with immediate bodily injury. N.J. Stat. Ann. § 2C:15-1(a). Robbery is a crime of the first-degree if, inter alia, the defendant is "armed with, or uses or threatens the immediate use of a deadly weapon." Id. § 2C:15-1(b). Robbery, regardless of the degree, serves as a predicate offense for felony murder. Id. § 2C:11-3(a)(3).

After charging the jury on first- and second-degree robbery, conspiracy, the weapon offenses, and felony murder, the trial court instructed the jury on accomplice liability. As part of that instruction, the trial court stated that the defendant "must have shared the same intent, the purpose required to be proved of the person who actually committed the crime and he must have actually participated in some way in the commission of the crime." Supp. App. at 54. The charge also referred to Clark "and his accomplices" on several occasions, without using the qualifying word, "alleged." Supp. App. at 51. On the basis of these discrepancies, Clark argues that the charge was erroneous under state law and that counsel was constitutionally ineffective in failing to challenge this instruction at trial or on direct appeal.

In New Jersey, "jury instructions on accomplice liability must include an

6

instruction that a defendant can be found guilty as an accomplice of a lesser included offense even though the principal is found guilty of the more serious offense." State v. Norman, 697 A.2d 511, 526 (N.J. 1997) (citing State of Bielkiewicz v. Pitts, 632 A.2d 277 (N.J. Super. Ct. App. Div. 1993)). The Supreme Court of New Jersey held in Norman that an instruction stating "that defendant 'must have shared the same intent, the same purpose required to be proved of the person who actually committed the crime'" was erroneous. Id. Nonetheless, the Court concluded that the failure to object to such an instruction did not prejudice defendant under the circumstances of that case because there was overwhelming evidence that all defendants shared the same mental state and because, despite the erroneous instruction, the charge as a whole demonstrated that the trial court had exhaustively detailed the lesser included offenses charged. Id. at 527. Finally, the Court noted that the defendant was tried separately from his co-defendants, minimizing the likelihood that the jury would confuse a principal's intent with that of an accomplice. Id.

Although the instruction in this case included language nearly identical to the erroneous instruction in Norman, all of the factors underlying the lack of prejudice found there are also present here. New Jersey presented physical evidence linking Clark to the conspiracy and co-conspirator testimony asserting the shared intent of Clark and his accomplices to rob the convenience stores. The trial court gave detailed instructions regarding felony murder and both degrees of robbery, either of which was sufficient for a

7

finding of felony murder. Robbery was the sole predicate offense charge at trial. Clark was tried separately from his co-defendants, making it "a remote possibility" that the jury failed to distinguish between Clark's intent and that of his co-defendants. Id. Moreover, because Clark was convicted of felony murder based on the underlying robbery, Clark's intent was not at issue. The jury concluded that Clark intended to commit robbery while armed with a handgun and that a victim was fatally shot in the course of the robbery; absent an affirmative defense, which Clark did not offer here, a conclusion of felony murder necessarily follows. See N.J. Stat. Ann. § 2C:11-3(a)(3). Under these circumstances, "the New Jersey court's determination that [counsel]'s failure to object to the defective charge did not rise to the level of Strickland ineffectiveness is not an unreasonable application of Supreme Court precedent." Duncan v. Morton, 256 F.3d 189, 203 (3d Cir. 2001).

## IV.

For the above-stated reasons, we will affirm the judgment of the District Court denying the petition for habeas relief.