**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3107-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES H. SCOTT,

    Defendant-Appellant.

_____

Submitted October 24, 2018 – Decided May 10, 2019

Before Judges Koblitz and Ostrer.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 04-05-0414.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael James Confusione, Designated Counsel; William P. Welaj, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (James Colin Brady, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant James H. Scott appeals from a January 3, 2017 order denying, without an evidentiary hearing, his petition for post-conviction relief (PCR). He collaterally challenges his convictions for multiple counts of first-degree robbery and related firearms offenses arising from four robberies involving multiple victims between April 24 and May 17, 2003.[1] Defendant was also convicted of separate possessory firearms offenses committed the day he was arrested, May 20, 2003. He received an aggregate sentence of forty-three years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, including consecutive terms of eighteen, fifteen, and ten years for robbery counts relating to three of the incidents.

Defendant contends he received ineffective assistance of counsel because his trial attorney did not file a pre-trial motion to sever the counts related to the five separate incidents; and his appellate attorney did not raise the issue on appeal. We disagree and affirm. We are not convinced that a severance motion would have succeeded, particularly given the prosecution, albeit unsuccessful, of a conspiracy count that encompassed all four robberies. Furthermore,

---

[1] We affirmed these convictions on direct appeal. State v. Scott (Scott I), No. A-0853-06 (App. Div. Aug. 27, 2010).

A-3107-16T4

defendant has not demonstrated that, even if his attorneys were deficient, he suffered prejudice as a result.

I.

The PCR court's order follows a remand from the Supreme Court. State v. Scott (Scott III), 225 N.J. 337 (2016). The PCR court initially denied defendant's petition without oral argument. We affirmed that decision substantially for the reasons the judge set forth in a written decision. State v. Scott (Scott II), No. A-3951-13 (App. Div. Jan. 19, 2016), slip op. at 4-5. We agreed that a severance motion would not have succeeded because, in a trial for any of the five incidents, evidence as to the others would have been admissible under N.J.R.E. 404(b) as proof of a charged conspiracy. Scott II, slip op. at 5. It did not matter, for purposes of our ineffective-assistance-of-counsel analysis, that the jury ultimately acquitted defendant of the conspiracy count. Ibid. We also held that the PCR correctly dispensed with oral argument. Ibid. On that point alone, the Supreme Court summarily reversed and remanded for oral argument, pursuant to State v. Parker, 212 N.J. 269 (2012). Scott III, 212 N.J. at 337.

At the subsequent oral argument, defendant reprised his previous written arguments. The PCR court was unpersuaded. Citing State v. Pitts, 116 N.J. 580,

3

601-02 (1992), the court observed that, although a party may seek relief from prejudicial joinder under Rule 3:15-2, no prejudice exists if, in a trial on a single charge, evidence of the other charges would be admissible under N.J.R.E. 404(b) and the four-prong Cofield test. See State v. Cofield, 127 N.J. 328, 338 (1992) (holding evidence of other crimes and wrongs is admissible if "relevant to a material issue"; "similar in kind and reasonably close in time to the charged offense"; "clear and convincing"; and its apparent prejudice does not outweigh its probative value). The court concluded that a severance motion would have failed because evidence of the robberies would have met the Cofield test.

The court noted:

> [T]he defendants committed a series of nighttime robberies over the course of a month in the nearby towns of Union and Linden using the same vehicle, the same weapon, the same clothing, and the same modus operandi. The defendant's theory of the case was that he didn't participate in any of the crimes charged. Therefore, evidence of each of the charged crimes would have been admissible at separate trials for the purpose of showing a common scheme or plan and as evidence of identity and intent. . . . The crimes were similar in kind and reasonably close in time to each other, and the evidence was clear and convincing based on the video, the statements of the defendant, the gun, the gloves, the ski masks, the sweatshirt, the jacket, the seized proceeds of the robberies and the stolen car parked in front of the defendant's home. This evidence, taken together, was extremely probative of the common scheme knitting the charged robberies together and of

the identity of the perpetrators. . . . [T]he probative value of the evidence far outweighed its prejudice to the defendant . . . .

Furthermore, citing State v. Louf, 64 N.J. 172, 177 (1973), the court held that evidence of the four incidents was admissible to prove the conspiracy charge, notwithstanding the jury's not-guilty verdict on that count. The PCR court stated, "[I]t is well-settled that, where the crime charged was allegedly committed in furtherance of a conspiracy, evidence of the acts of any conspirator in furtherance of a common plan, including other crimes, is admissible against all of the parties to the conspiracy."

On appeal, defendant presents the following point for our consideration:

POINT I

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL AS A RESULT OF TRIAL COUNSEL'S FAILURE TO FILE A MOTION FOR SEVERANCE INVOLVING THE VARIOUS CHARGES RELATING TO FOUR SEPARATE ROBBERIES AS WELL AS THE CHARGES RELATING TO VARIOUS WEAPONS OFFENSES.

A.    FACTUAL BACKGROUND.

B. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL BASED UPON COUNSEL'S FAILURE TO MAKE AN APPROPRIATE MOTION, EVIDENTIARY HEARINGS, PETITIONS FOR POST-CONVICTION RELIEF AND MOTIONS FOR SEVERANCE MADE PURSUANT TO RULE 3:152(b).

C. THE DEFENDANT WAS ENTITLED TO AN EVIDENTIARY HEARING TO FULLY ADDRESS TRIAL COUNSEL'S FAILURE TO MAKE A MOTION FOR SEVERANCE PRIOR TO TRIAL WHICH EFFECTIVELY DENIED TO THE DEFENDANT HIS ABILITY TO RECEIVE A FAIR TRIAL.

II.

We review de novo the PCR court's factual findings without an evidentiary hearing. State v. Harris, 181 N.J. 391, 421 (2004). We also owe no deference to the trial court's conclusions of law. Ibid.

In reviewing the merits of defendant's petition, we apply the familiar two-pronged Strickland standard to determine whether defendant has shown that (1) his counsel's performance was so deficient that it "fell below an objective standard of reasonableness," and (2) there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). "The

6

right to effective assistance" includes that of appellate counsel, and the same Strickland test applies. State v. O'Neil, 219 N.J. 598, 610-11 (2014). "A defendant shall be entitled to an evidentiary hearing" before a PCR court if he or she establishes: "a prima facie case in support of post-conviction relief"; "material issues of disputed fact that cannot be resolved by reference to the existing record"; and a "hearing is necessary to resolve the claims for relief." R. 3:22-10(b).

### A.

It is not ineffective to refrain from filing a meritless motion or raising an unsuccessful argument. State v. O'Neal, 190 N.J. 601, 619 (2007); State v. Worlock, 117 N.J. 596, 625 (1990). We agree with the PCR court's assessment that a severance motion would likely have failed. The PCR court accurately described the applicable test for determining whether joinder is unduly prejudicial. Substantially for the reasons the PCR court expressed, had the robbery incidents been severed, evidence of the remaining incidents would have been admissible under N.J.R.E. 404(b) to demonstrate "a common scheme or plan [that] embodies the commission of two or more crimes so related that proof of one tends to establish the other." State v. Lumumba, 253 N.J. Super. 375, 387 (App. Div. 1992); see also State v. Sterling, 215 N.J. 65, 92 (2013) ("Other-

7

crimes evidence may also be admitted on the issue of identity when a particular weapon or disguise used in one crime connects a defendant to another offense."); State v. Long, 119 N.J. 439, 474 (1990) (applying the predecessor to N.J.R.E. 404(b) and holding that "evidence of the other crimes would have been admissible [in a trial of severed counts] . . . to establish either identity or the weapon used").  Here, defendant and his cohort used the same masks, gloves and weapons in multiple robberies, which identified them as the offenders.

Significantly, the indictment also charged that defendant conspired with his co-defendants to commit the robberies between April 24 and May 17, 2003. Where evidence that a defendant committed another crime "tends to establish the existence of a larger continuing plan of which the crime on trial is a part, it is admissible for such purpose."  Louf, 64 N.J. at 178.  Thus, the evidence of each incident was admissible to prove the alleged conspiracy, notwithstanding the jury's later acquittal of that count.

## B.

Secondly, we are unpersuaded that defendant suffered any prejudice from the joinder of the multiple charges.  As the trial judge observed at the sentencing hearing, the evidence against defendant was "overwhelming."  Defendant confessed in writing to all four robbery incidents.  He was arrested in possession

8

of instruments of the robbery, including a semi-automatic handgun, ammunition and the distinctive face-masks and gloves that the victims described and that appeared in surveillance footage. In subsequent searches of defendant's and a co-defendant's home, police seized fruits of the robberies, including stolen merchandise and the key to a car he stole from one victim (along with a parking ticket issued after the theft). Defendant's main defense was that he had confessed falsely while under pressure to clear his mother and uncle from suspicion, as he was driving his mother's car when arrested and he possessed bullet-proof vests that belonged to his uncle, a police detective. Yet, the evidence that defendant's will was overborne was weak.

In sum, defendant has failed to demonstrate a reasonable probability that, even if the charges were severed, and even if the evidence of the other robberies were not admissible at each trial, the result would have been different. See State v. Lazarchick, 314 N.J. Super. 500, 519 (App. Div. 1998) (finding the prejudice prong was not met where defense counsel did not object to consolidation), disapproved on other grounds by Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 570 (2002).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3107-16T4