231 N.J. Super. 555 (1989)
555 A.2d 1180
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
TYRONE DANIELS, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 10, 1989.
Decided March 23, 1989.
*557 Before Judges LONG and KEEFE.
Alfred A. Slocum, Public Defender, attorney for appellant (Jeffrey Zajac, Designated Counsel, of counsel and on the brief).
Cary Edwards, Attorney General, attorney for respondent (Teresa A. Blair, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KEEFE, J.S.C. (temporarily assigned).
Defendant Tyrone Daniels, his brothers, Louis and Timothy Daniels, and Michael Prater were indicted in the first count of a two count indictment for the aggravated assault of Charles Stewart contrary to N.J.S.A. 2C:12-1b(1) and N.J.S.A. 2C:2-6. In the second count the same parties were charged with possession of a weapon, to wit, "a razor knife or piece of glass" with purpose to use it unlawfully against Charles Stewart contrary to the provisions of N.J.S.A. 2C:39-4d and N.J.S.A. 2C:2-6.[1] After a jury trial defendant was convicted on both counts of the indictment. Michael Prater was found not guilty on all counts while Louis Daniels and Timothy Daniels were found guilty of *558 the lesser included offense of simple assault on the first count and not guilty on the second count.
Defendant was sentenced to a term of seven years on count one and to a concurrent three year term on count two. A Violent Crimes Compensation Board Penalty of $50.00 was assessed and defendant was given appropriate credit for time served. Defendant appeals and raises the following issues:
POINT I: THE TRIAL COURTS INSTRUCTIONS TO THE JURY ON THE "UNLAWFUL PURPOSE" ELEMENT OF N.J.S.A. 2C:39-4(d) FAILED TO ADEQUATELY CONVEY THE FACT THAT A PERSON'S ORIGINAL PURPOSE OR INTENT IN POSSESSING A WEAPON HAD TO BE UNLAWFUL. (Not Raised Below).
POINT II: THE TRIAL COURT'S DENIAL OF THE DEFENDANTS MOTION FOR A MISTRIAL SHOULD BE REVERSED BECAUSE THE IMPROPER ACTIONS OF THE PROSECUTOR CAUSED GREAT PREJUDICE TO THE DEFENDANT, RESULTING IN MANIFEST INJUSTICE.
We shall address the issues in the order that they were raised by defendant.
To convict a person under N.J.S.A. 2C:39-4d, a jury must find that: 1) the item possessed was a "weapon" within the meaning of N.J.S.A. 2C:39-1(r); 2) the defendant "possessed" it, which requires knowledge of awareness of his control over the item (N.J.S.A. 2C:2-1c); 3) the defendant's purpose in possessing the weapon was to use it against the person or property of another; and 4) the defendant intended to use the weapon in a manner that was unlawful. State v. Harmon, 104 N.J. 189, 212 (1986). Defendant contends that the trial judge did not correctly apply the Harmon principles in his instructions to the jury. He argues that the "opinion makes meticulously clear the fact that the person's original intent in possessing the (weapon) must be unlawful." Defendant relies upon a passage from State v. Mieles, 199 N.J.Super 29, 41 (App.Div. 1985), cert. den. 101 N.J. 265 (1985), quoted in Harmon, Id. 104 N.J. at 205, in making his argument. The relevant passage is as follows:
[T]he verdict here may simply have reflected a finding by the jury that while defendant did not originally possess the weapon for unlawful use the difficulties *559 between defendant and Casagrande [the victim] triggered the aggravated assault and armed robbery. There would be no inconsistency in the verdict, for the possession count related to the purpose for which defendant possessed the gun and not how he used it. 199 N.J. Super. at 41.
The quote from Mieles must be understood in the context of the issues raised on appeal in that case. Mieles' contention was that his acquittal for possession of a weapon for the unlawful purpose of using it against Casagrande negated an essential element required for his convictions of armed robbery and aggravated assault using the very same weapon, thus requiring reversal of his conviction on those counts. In that factual context we discern that the Mieles court intended only to observe that the jury apparently had insufficient evidence to convict Mieles of possession of a weapon for an unlawful purpose, but the "purpose" for which Mieles possessed the gun was not a required element of proof to convict him of armed robbery and aggravated assault.
In Harmon the passage was used simply to point out that possession of the weapon by Mieles standing alone "did not in and of itself constitute a purpose to commit a substantive crime other than the regulatory offense; nor did the eventual pointing of the weapon (in the jury's mind) constitute the unlawful purpose of the possession." 104 N.J. at 205. In our view, the use of the parenthetical phrase "in the jury's mind" by the Supreme Court illustrates that, although a jury may ultimately find it unpersuasive, the use of the weapon by a defendant may be used by the State as proof of the "unlawful purpose of the possession." There is nothing in Harmon to suggest that the State must prove, as defendant contends, that "Tyrone Daniels' original purpose in possessing a knife or piece of glass had to be unlawful." In fact, Harmon suggests otherwise. The Court said:
The criminal purpose or state of mind must exist at whatever time the State claims that the possessory offense took place. Id. 104 N.J. at 210. (emphasis added)
*560 The issue in Harmon did not arise from the original charge to the jury but from a supplemental charge in response to the jury's request for a clarification resulting from their misunderstanding of the distinction between the purpose to commit an unlawful act and the purpose in pointing a gun at someone. In his supplemental charge the trial judge equated the unlawful act of Harmon's pointing the gun at the victim with the specific intent requirement of N.J.S.A. 2C:39-4d requiring proof that the purpose for the possession was to commit an unlawful act. Id. 104 N.J. at 194-195. As the Supreme Court pointed out, the "real issue" was "not whether the possession was unlawful; the question is whether the purpose of the possession was unlawful." Id. at 196.
There is no evidence in the record that Judge Barlow misled the jury by suggesting that, if it found that defendant possessed a weapon and used it against Stewart, the use of the weapon by the defendant, standing alone, would be sufficient to prove he had possessed it for an unlawful purpose. The judge specifically stated that in order for the defendant to be found guilty, the jury had to conclude that the defendant's purpose in possessing the knife was to use it unlawfully against Stewart. Cf. State v. Martinez, 229 N.J. Super. 593 (App.Div. 1989).
Moreover, there was sufficient evidence presented from which a jury could conclude that defendant's purpose for possessing the knife was for an unlawful purpose. Edith Williams testified that she saw defendant pull the razor knife out of his pocket and cut Stewart's head. Although the weapon was described as something that is used to open cardboard boxes, there was no evidence in this case that the knife was possessed by defendant for that lawful purpose. In fact, defense counsel's argument to the jury was that defendant was in possession of neither a knife nor a piece of glass. In addition to Ms. William's direct testimony concerning possession and use of the *561 knife, there was circumstantial evidence sufficient to establish defendant's purpose for possessing the knife. Defendant's brother Timothy testified that on the day before the incident in question Stewart and Louis Daniels had been involved in a card game in which Louis won approximately $500.00. Louis and Stewart apparently left the place where they were playing cards to purchase some beer. Louis took all his money with him. When they did not return, Timothy went looking for them and was told by someone in the neighborhood that Stewart had set Louis up, meaning that Stewart had apparently arranged to have Louis beaten and robbed. Timothy also testified that, on the day of the subject incident, defendant was aware of what had happened between his brother and Stewart. On the basis of that testimony and the absence of any evidence that the knife was in defendant's possession for a lawful purpose, a jury could determine that the defendant's purpose in possessing the knife at some point in time was with the specific intent of using it unlawfully against Stewart. As the Supreme Court in Harmon noted: "We are confident that juries in most cases will have little problem inferring the accused's subjective state of mind from the circumstances attendant to his possession of a dangerous weapon. See State v. Ingram, supra. 98 N.J. [489] at 499-500 (juries may infer the existence of an essential element of crime from circumstances attendant to conduct); State v. Latimore, 197 N.J. Super. 197, 211 (App.Div. 1984) (inference of unlawful purpose may be drawn from surrounding circumstances)." Id. at 211.
We have also reviewed the record in detail in light of the second issue raised by the defendant and conclude that it is clearly without merit. R. 2:11-3(e)(2).
Affirmed.
NOTES
[1] In the original indictment, the second count identified the weapon as a razor knife. The court permitted an amendment to the indictment to add "or a piece of glass" based upon the statement given to the police by defendant after he was arrested in which he admitted that he had accidentally cut Stewart by hitting him with a glass. The State agreed not to use the statement unless defendant testified. Defendant did not testify.