138 N.J. Super. 80 (1975)
350 A.2d 262
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EVELYN WHITEHEAD SEASE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 24, 1975.
Decided December 8, 1975.
*82 Before Judges ALLCORN, KOLE and COLLESTER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Ms. Rita L. Bender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Damon R. Sedita, Assistant Prosecutor, of counsel and on the brief).
*83 PER CURIAM.
Defendant was convicted by a jury of six charges each of robbery and robbery while armed. She was sentenced to concurrent terms at the Correctional Institution for Women at Clinton. She appeals.
While defendant was in a tavern her brothers Charles and Harold, and possibly Frank, entered and committed an armed robbery of six persons in the tavern, all identified by name in the indictment.[1] The State contended that she was a knowing participant in the offenses.
She contends that "the inculpatory statements of two codefendants, severed for trial by the State, were erroneously excluded from evidence." The statements were those of her brothers Charles and Harold admitting that they committed the armed robberies but alleging that defendant did not know of the "stickup" and did not obtain any of the proceeds thereof. We find no merit in this contention.
The statements were against the penal interest of her brothers but the fact that they exculpated her does not make them admissible under Evid. R. 63(10). Even if she were tried with her brothers, the court could properly have limited the jury's consideration of the statements to only that part in which they admitted guilt and advise the jury that it should not consider them with respect to her noninvolvement in the crimes. Evid. R. 6; McCormick on Evidence (2nd Ed. 1972), § 59 at 135-136. Evidence that her brothers were involved in the crimes was inadmissible as irrelevant. It was in no wise probative as to whether or not she actually participated in the criminal event. Moreover, there is no reason why, instead of endeavoring to use these statements, defendant could not have called her brothers as witnesses to testify as to her noninvolvement and thus have subjected them to appropriate cross-examination.
*84 Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973) and State v. Jamison, 64 N.J. 363 (1974), relied on by defendant, are plainly distinguishable. There the crimes in question could only have been committed by one person. Thus, evidence that someone other than defendant committed the offense automatically cleared the accused and was of crucial importance. Under such circumstances to permit evidentiary rules to exclude such evidence would constitute a denial of the due process right to a fair trial. The present case is entirely different. These armed robberies could have been perpetrated by more than one person, including defendant. The fact that two people admitted having committed them in no wise exculpated defendant, since she nevertheless could have participated therein. Here the self-inculpatory statement of another does not have the special significance that it would have in a crime involving only one perpetrator. There was thus no denial of due process in following the usual rules of evidence by excluding the hearsay statements allegedly exculpating defendant. This is particularly so where, as here, that facet of her brothers' statements is of doubtful trustworthiness. See State v. Sejuelas, 94 N.J. Super. 576 (App. Div. 1967).
The court's refusal to admit the statements of defendant's brothers was an appropriate exercise of discretion.
Defendant claims that her statement, a confession, to the police was erroneously admitted into evidence. We are satisfied that there is ample support in the record for the trial judge's determination that the credible proofs show beyond a reasonable doubt that defendant was given the Miranda warnings, understood them and intelligently waived her rights thereunder before giving the statement, and that the statement was voluntarily given and not the result of duress, threats, promises or any other inducement which would render it involuntary. There is no basis for disturbing that finding. State v. Manley, 54 N.J. 259 (1969); State v. Yough, 49 N.J. 587 (1967); State v. Godfrey, 131 *85 N.J. Super. 168 (App. Div. 1974), aff'd o.b. 67 N.J. 267 (1975). See also, State v. Hampton, 61 N.J. 250 (1972).
The admissibility of the statement is not barred merely because it was given before defendant was brought before a magistrate for arraignment. We perceive no unnecessary delay in the factual setting here in the arraignment process under R. 3:4-1, nor do we consider any such delay as in any wise impairing the correctness of the trial judge's determination that the statement complied with Miranda and was voluntary when made. See State v. Jones, 53 N.J. 568 (1969).
Defendant further contends that evidence of her alleged robbery of an individual, Alvin Johnson, not named as a victim in the indictment, was erroneously admitted. One of the named victims testified that he had observed defendant reaching into Johnson's pocket during the course of the robbery. Johnson also testified as to the same occurrence. It is claimed that this evidence was inadmissible under Evid. R. 55 and violated defendant's due process right to notice of the crimes for which she was to be tried, and, additionally, should have been excluded under Evid. R. 4. We see no merit in the contention.
Evid. R. 55 is inapplicable, since it refers to evidence of crimes committed "on another specified occasion." Here the evidence with respect to defendant's conduct towards Johnson was part of the total criminal event on the same occasion. It was part of the res gestae of the crimes. Cf. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970).
Even if Evid. R. 55 were here involved, the witnesses' testimony would be admissible as proof of a plan among the defendant and her brothers to commit the offenses, contrary to her assertion that she coincidentally was present when they perpetrated the armed robberies at the tavern. See State v. Wright, 66 N.J. 466 (1975); State v. Hummel, 132 N.J. Super. 412 (App. Div. 1975), certif. den. 67 N.J. 102 (1975).
*86 Nor is there any substance to defendant's claim that she was denied due process because of inadequate notice that the robbery of the seventh victim would be considered. The indictment gave her notice of the crimes with which she was charged. She was afforded adequate opportunity for discovery under the court rules and should have been aware of the time and place of the armed robberies with which she was charged. She also knew that there were six victims named in the indictment. She was not tried or convicted for the armed robbery of Johnson, the seventh victim. The evidence as to her robbery of Johnson violated none of her rights. It was probative of her guilt of the armed robberies of the six victims named. See State v. Wright, supra; State v. Hummel, supra.
There is no basis for concluding that evidence relating to the robbery of Johnson should have been excluded under Evid. R. 4. While damaging to defendant, the probaative value of this testimony was not outweighed by the danger of undue prejudice.
Defendant's final claim is that the admissible evidence does not support a verdict of guilty. Our review of the record satisfies us that the claim is without merit. The properly admitted proofs plainly show that defendant acted in concert with her brothers in connection with the armed robberies. The jury reasonably could have found her guilty beyond a reasonable doubt. R. 2:10-1; Dolson v. Anastasia, 55 N.J. 2 (1969).
Affirmed.
NOTES
[1] The indictment charged defendant and her three brothers Charles, Harold and Frank, with these armed robberies. The trial and this appeal only involve defendant. We need not reach the question of the degree of Frank's involvement in the crimes. The State's motion, unopposed by defendant, to sever defendant's trial from that of her brothers was granted by the trial court.