181 N.J. Super. 261 (1981)
437 A.2d 327
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOHNNIE J. PETERSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1981.
Decided October 29, 1981.
*263 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Victoria Curtis Bramson, Deputy Attorney General, argued the cause for appellant (James J. Zazzali, Attorney General of New Jersey, attorney).
Justin P. Walder argued the cause for respondent (Walder, Sondak, Berkeley & Brogan, attorneys; John A. Brogan and Barry A. Kozyra, on the brief).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
*264 The state grand jury indicted defendant, charging him with misconduct in public office, in violation of N.J.S.A. 2A:85-1, and bribery, in violation of N.J.S.A. 2A:93-6. After nine days of trial before a jury he was convicted of official misconduct and acquitted of bribery.
Thereafter defendant filed and argued a motion for judgment of acquittal notwithstanding the verdict. The trial judge, in an oral opinion, found that because identical factual allegations supported both counts of the indictment, the jury, in returning conflicting verdicts, could not have rationally applied the reasonable doubt standard. Judgment of acquittal was entered and the State appeals. R. 2:3-1(b)(3).
Francisco Jueguen and his partner owned a bar in Newark. Jueguen wanted to sell his interest and transfer his liquor license to the partner. On December 12, 1977 the Newark Alcoholic Beverage Control Board (ABC) considered the license transfer but reserved decision. Defendant, secretary of the ABC, was present but took no part in the decision to reserve; his duties are clerical.
Jueguen sought information on the ABC's action, went to the ABC office a few times, sought the advice of an attorney and finally requested aid from the New Jersey Division of Criminal Justice.
Jueguen called defendant from state offices and set up an appointment with him for December 28, 1977. The State provided a taping device and that meeting was recorded. During the meeting Jueguen requested defendant's help in securing approval for the transfer. After requesting Jueguen to step outside while he made a phone call, defendant called Jueguen in and told him that three individuals wanted a case of vodka each, and that if Jueguen wished to, he could deliver the liquor and obtain the transfer. Defendant said that he did not want anything for himself and never requested anything for himself.
*265 The State purchased three cases of vodka. On December 30 Jueguen telephoned defendant and said he had the liquor. Defendant then informed Jueguen the transfer had been approved and said he would send someone to pick up the liquor. An ABC investigator picked up the liquor; however, it was subsequently stolen and has not been recovered. Jueguen picked up the license transfer the following day.
We conclude that the trial judge erred in granting a judgment of acquittal notwithstanding the verdict. Where bribery and misconduct charges are based on the same factual allegations, an acquittal on the bribery charge does not necessarily impugn the validity of a verdict of guilty on misconduct charges. A review of the evidence in the light most favorable to the prosecution reveals sufficient evidence to allow a rational jury to find that the State established the essential elements of official misconduct beyond a reasonable doubt.
The United States Supreme Court has held that due process requires the reversal of a conviction if the factfinder has not rationally applied the reasonable doubt standard to the facts in evidence. Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979). Here, the trial judge determined that the defendant's motion for acquittal notwithstanding the verdict presented the following issue under Jackson:
... [D]id the Court's charge together with the evidence presented require the jury to find that the defendant was guilty of both counts or not guilty of both counts?
We think the trial judge's inquiry was misdirected.
Jackson requires reversal of a conviction if the evidence, viewed in the light most favorable to the prosecution, is insufficient to allow a rational factfinder to find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. at 318-319, 99 S.Ct. at 2789. This is the standard of review traditionally applied by the New Jersey courts. See State v. Reyes, 50 N.J. 454, 458-459 (1967) (the evidence must be sufficient to establish guilt, rather than each element of the offense, beyond a reasonable doubt).
*266 This standard rarely requires a comparison of a jury's verdicts on separate counts of an indictment. Such a comparison is necessary where an acquittal on one count precludes the finding of one or more elements of an offense charged in a second count as a matter of law.
For example, in State v. Hawkins, 178 N.J. Super. 321 (App. Div. 1981), three coconspirators were indicted and tried to the same jury; the indictment did not indicate that there were either unnamed or unindicted coconspirators. The jury acquitted two defendants and convicted the third. In affirming the trial judge's grant of acquittal notwithstanding the verdict, this court held that because conspiracy requires a shared objective, the jury verdict was a logical impossibility. The convicted conspirator could not conspire alone. 178 N.J. Super. at 322-323.
A similar problem was presented in United States v. Hannah, 584 F.2d 27 (3 Cir.1978), a case cited by defendant. Defendant there was charged with and convicted of the use of communication facilities in the commission of a felony. An element of the offense was commission of a felony. The government relied upon the same factual allegations to establish the required felony and a conspiracy charged in a separate count. The jury acquitted the defendant of conspiracy. The Third Circuit held that "[b]ecause the jury found [defendant] not guilty of conspiracy, the felony relied upon by the government to satisfy the felony requirement [of the separate offense], the government's case ... was insufficient as a matter of law." 685 F.2d at 30.
This case is clearly distinguishable. The jury's verdict of acquittal on bribery did not negate an element of official misconduct. The elements of misconduct include: willful action by a public official, in violation of a public duty, and under color of his office. State v. Begyn, 34 N.J. 35, 49-50 (1961). Bribery is not an element of official misconduct, and official misconduct does not require proof of a separate offense.
The trial judge reasoned:

*267 ... [E]ach and every factual element contained in the second count of the indictment charging bribery was also charged and were therefore essential factual elements to be proven beyond a reasonable doubt to support a conviction in the first count of the indictment charging misconduct. No additional conduct of the defendant was alleged in the indictment to form the basis of the misconduct charge other than the singular act of bribery alleged in the second count of the indictment.
He erroneously equated the factual allegations supporting the bribery charge with the substantive offense of bribery. The State was required to establish the factual allegations supporting both bribery and misconduct, but the State was not required to establish commission of the offense of bribery in order to establish misconduct.
Although the trial judge specifically stated that his grant of a judgment of acquittal was not based on inconsistent verdicts, we conclude that if there is any conflict in the jury's verdicts, it is nothing more than inconsistency. That inconsistent verdicts do not vitiate an otherwise reasonable verdict is well settled. See Dunn v. United States, 284 U.S. 390, 394, 52 S.Ct. 189, 191, 76 L.Ed. 356 (1932); State v. Roller, 29 N.J. 339, 348 (1959); State v. Maddox, 153 N.J. Super. 201, 214 (App.Div. 1977); State v. Bontempo, 170 N.J. Super. 220, 237 (Law Div. 1979).
Defendant, noting the holding in Jackson v. Virginia, supra, requiring rational jury verdicts, questions the continuing validity of the Dunn and the New Jersey rule on inconsistency.
Jackson holds that there is a constitutional violation if the evidence is insufficient to establish the essential elements of the offense beyond a reasonable doubt. 443 U.S. at 321, 99 S.Ct. at 2790. In Jackson the court specifically noted (at 319, 99 S.Ct. at 2789) that it articulated a standard of review that "impinges upon `jury' discretion only to the extent necessary to guarantee the fundamental protection of due process of law." Unless inconsistent verdicts preclude the establishment of an element of the offense, as in Hawkins or Hannah, they do not affect the validity of a conviction that is supported by a sufficient quantum of evidence. Thus, whether verdicts are consistent or *268 inconsistent it is appropriate to consider the evidence in the light most favorable to the prosecution and to determine whether a rational trier of fact could have found each element of the offense beyond a reasonable doubt. 443 U.S. at 317-319, 99 S.Ct. at 2788-2789. Cf. State v. D'Arco, 153 N.J. Super. 258, 263-264 (App.Div. 1977) (noting the irrelevance of consistency in verdicts and reviewing the evidence supporting defendant's misconduct conviction).
In the case before us the trial judge correctly instructed the jury on the elements of both offenses. As to misconduct, the jury was told to acquit unless it found that defendant was a public official, who willfully and intentionally engaged in the dishonest conduct alleged by the government while acting under the color of his office. State v. Begyn, 34 N.J. 35, 49-50 (1961). He thus instructed the jury on the meaning of dishonesty:
This does not necessarily require financial dishonesty, although the use of an opportunity to perform a public duty as a means of accumulating and acquiring a personal benefit or advantage would constitute misconduct.
In contrast, he instructed the jury that bribery was established if the jury found that:
It was intended that the action of the official was to be subject to the influence of the bribe, that is, that the official would act for personal gain rather than to do his job as legally required.
When the jury requested further instructions on bribery, the judge stated:
It makes no difference whether or not the vodka was received or not, and it is sufficient that it was intended that the defendant's action was to be subject to the influence of the bribe. That is, that the official would act for personal gain rather than to do his job as legally required.
The State introduced evidence of defendant's official status and a tape recording of a conversation in which he informed a person seeking favorable government action that such action could be obtained by providing three cases of vodka to unnamed parties. There was evidence that defendant sent a government employee to pick up three cases of vodka. That evidence alone, if believed by the jury, as it apparently was, was sufficient to establish the essential elements of misconduct.
*269 The trial judge reasoned that an acquittal on bribery meant that one of the factual elements of bribery had not been proven beyond a reasonable doubt. He then concluded that because the same factual elements supported misconduct, that charge was also not proven beyond a reasonable doubt. His oral opinion does not evaluate the effect of his jury charges (despite the fact that he specified that he would do so). The charge distinguished the two offenses, and the seemingly conflicting verdicts must have been the result of the jury's application of the law to the facts.
The bribery instruction required the jury to find that defendant acted for personal gain, and the misconduct instruction did not. Given the defense attorney's emphasis on the fact that defendant never asked for anything for himself, the instruction, erroneously requiring action for personal gain to establish bribery, could account for the varying verdicts. See State v. Sherwin, 127 N.J. Super. 370, 385 (App.Div. 1974), certif. den. 65 N.J. 569 (1974), cert. dism. Loughran v. New Jersey, 419 U.S. 801, 95 S.Ct. 9, 42 L.Ed.2d 32 (1974).
The judgment of acquittal notwithstanding the jury verdict of guilty is reversed, and the judgment entered on the jury's verdict of guilty of misconduct in office is reinstated. The cause is remanded to the Law Division for sentencing.