253 N.J. Super. 239 (1992)
601 A.2d 735
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ESTEBAN ORTIZ, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 17, 1991.
Decided January 17, 1992.
*241 Before Judges MICHELS, HAVEY and CONLEY.
Wilfredo Caraballo, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, of counsel and on the brief).
Jeffrey S. Blitz, Atlantic County Prosecutor, attorney for respondent (James F. Smith, Assistant County Prosecutor, of counsel and on the letter brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Tried to a jury, defendant Esteban Ortiz was convicted of (1) distribution of cocaine, a third degree crime, in violation of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(3) (Fourth Count); (2) distribution of cocaine while within 1,000 feet of school property, a third degree crime, in violation of N.J.S.A. 2C:35-7 (Fifth Count), and (3) conspiracy to distribute cocaine, a third degree crime, in violation of N.J.S.A. 2C:35-5a(1), N.J.S.A. 2C:35-5b(3) and N.J.S.A. 2C:5-2 (Sixth Count). The trial court committed defendant to the custody of the Commissioner of the Department of Corrections (Commissioner) for five years with a three year period of parole ineligibility, assessed a $1,000 Drug Enforcement and Demand Reduction (DEDR) penalty, a $50 laboratory fee and a $30 Violent Crimes Compensation Board (VCCB) penalty and suspended defendant's driver's license for six months for his conviction for distribution of cocaine while within 1,000 feet of school property under the Fifth Count. In addition, the trial court committed defendant to a concurrent term of seven years with a three-year period of parole ineligibility, assessed a $1,000 DEDR penalty, a $50 laboratory fee and a $30 VCCB penalty and suspended defendant's license for a consecutive period of six months for his conviction of distribution of cocaine under the Fourth Count. The trial court vacated defendant's conviction for conspiracy under the Sixth Count. Defendant appeals.
*242 Defendant seeks a reversal of his convictions on the following grounds set forth in his brief:
I. THE ADMISSION OF OTHER CRIMES EVIDENCE UNDULY PREJUDICED THE DEFENDANT.
II. THE TRIAL COURT ERRED BY ADMITTING OTHER CRIMES EVIDENCE WITHOUT A SUFFICIENT FOUNDATION ESTABLISHING THAT THE DEFENDANT ACTUALLY COMMITTED THE OTHER CRIMES.
III. THE TRIAL COURT'S FAILURE TO PROVIDE THE JURORS WITH LIMITING INSTRUCTIONS PURSUANT TO EVIDENCE RULE 6 DENIED THE DEFENDANT THE RIGHT OF DUE PROCESS. (Not Raised Below).
IV. THE INCONSISTENT JURY VERDICT VIOLATED DEFENDANT'S 14TH AMENDMENT RIGHT OF DUE PROCESS OF LAW.
We have carefully considered these contentions and all arguments advanced by defendant in support of them and find that they are clearly without merit. R. 2:11-3(e)(2). However, further comment concerning some of these contentions is appropriate.

I.
Defendant contends that the admission of other crimes evidence unduly prejudiced him. Specifically he argues that evidence concerning alleged drug transactions by him and co-defendant, Angel Montijo, for which neither had been indicted, was improperly admitted. We disagree.
The admissibility of other crimes or civil wrongs is governed by Evid.R. 55 which provides:
Subject to Rule 47, evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed a crime or civil wrong on another specified occasion but, subject to Rule 48, such evidence is admissible to prove some other fact in issue including motive, intent, plan, knowledge, identity, or absence of mistake or accident. [Emphasis added].
The "rule prohibits the admissibility of other crimes simply to show that the defendant had a propensity to act in a certain way." State v. Stevens, 222 N.J. Super. 602, 614, 537 A.2d 774 (App.Div. 1988), certif. denied, 111 N.J. 575, 546 A.2d 503 (1988), aff'd, 115 N.J. 289, 558 A.2d 833 (1989); see State v. Kociolek, 23 N.J. 400, 419, 129 A.2d 417 (1957). "Its purpose is to protect *243 defendants from the potentially great prejudice inherent in `other like crimes' evidence, since the average jury will much more readily accept the belief that one is guilty of the crime charged where it is demonstrated that he has committed a similar crime." State v. Peltack, 172 N.J. Super. 287, 292, 411 A.2d 1156 (App.Div.), certif. denied, 84 N.J. 474, 420 A.2d 1298 and 84 N.J. 475, 420 A.2d 1298 (1980). As our Supreme Court noted in State v. Moore,
... [t]he danger that Evidence Rules 55 and 47 seek to prevent is that a defendant will be prejudiced by evidence of other acts such that a jury will convict because he or she is a bad person disposed to commit crime. State v. Garfole, 76 N.J. 445, 450-51 [388 A.2d 587] (1978). [113 N.J. 239, 275, 550 A.2d 117 (1988)].
See State v. Ramseur, 106 N.J. 123, 265, 524 A.2d 188 (1987); State v. Stevens, supra, 222 N.J. Super. at 614-15, 537 A.2d 774. Thus,
When a defendant is on trial charged with the commission of a particular crime, evidence that he committed other crimes even of a similar nature is inadmissible unless the evidence of other crimes is part of the res gestae, or tends to prove some element of the crime for which he is on trial, or where the evidence of another crime tends to show malice, ill-will or intent on the part of defendant, or where a common scheme or plan embodies the commission of two or more crimes so related that proof of one tends to establish the other. State v. Kociolek, 23 N.J. 400, 418-419 [129 A.2d 417] (1957). Also, where the commission of another crime evinces a state of mind that is shown to exist at the time of the commission of the crime charged, and is so related to the crime charged as to time, place and circumstances that the state of mind may be said to be continuous, evidence of the other crime may be admissible. State v. Sinnott, 24 N.J. 408, 413-414 [132 A.2d 298] (1957). [State v. Smith, 84 N.J. Super. 452, 459-60 [202 A.2d 461] (App.Div. 1960), certif. denied, 43 N.J. 270 [203 A.2d 720] (1964) (emphasis added)].
Evid.R. 55 does not apply if "the evidence with respect to defendant's conduct ... [is] part of the total criminal event on the same occasion ... [and therefore] part of the res gestae of the crimes." State v. Sease, 138 N.J. Super. 80, 85, 350 A.2d 262 (App.Div. 1975); see Millison v. E.I. duPont de Nemours, 226 N.J. Super. 572, 595 n. 12, 545 A.2d 213 (App.Div. 1988), aff'd, 115 N.J. 252, 558 A.2d 461 (1989); see also State v. Louf, 64 N.J. 172, 178, 313 A.2d 793 (1973); State v. Catlow, 206 N.J. Super. 186, 193-94, 502 A.2d 48 (App.Div. 1985), certif. *244 denied, 103 N.J. 465, 511 A.2d 648 and 103 N.J. 466, 511 A.2d 648 (1986); State v. Jones, 94 N.J. Super. 137, 140-41, 227 A.2d 145 (1967). Moreover, "[c]onduct which is the subject matter of the action being tried cannot be excluded under Rule 55 because the rule is only a consideration with respect to conduct that occurred on other occasions." Biunno, Current N.J. Rules of Evidence, Comment 1 to Evid.R. 55, p. 532.
Here, the testimony concerning prior drug transactions observed by the detectives during surveillance constituted a part of the res gestae or a continuing course of conduct of defendant. The conduct referred to in the detectives' testimony occurred on the same occasion as that of the arrest. Specifically, the observed transactions occurred within 25 minutes to an hour immediately prior to defendant's arrest. Thus, the testimony concerned the same criminal event. As such, Evid.R. 55 does not apply and the testimony is admissible. Additionally, the testimony served to explain the context or setting of the case. See United States v. Masters, 622 F.2d 83, 86 (4th Cir.1980); McCormick, Evidence § 190. The testimony was necessary and relevant to explain "the full picture of the conspiracy" involved. See State v. Louf, supra, 64 N.J. at 178, 313 A.2d 793. Beyond this, even assuming that the testimony concerning other transactions is not part of the res gestae or otherwise admissible, such testimony was not so prejudicial as to constitute reversible error. The evidence of defendant's guilt was so strong that the testimony complained of was not necessary to establish guilt nor was there any real possibility that "the error led the jury to a result it otherwise might not have reached." State v. Macon, 57 N.J. 325, 336, 273 A.2d 1 (1971); see also State v. Bankston, 63 N.J. 263, 273, 307 A.2d 65 (1973); State v. Melvin, 65 N.J. 1, 18-19, 319 A.2d 450 (1974). Stated simply, the error was harmless.

II.
Finally, it is firmly settled that consistency in verdicts is not required under our law. United States v. Powell, 469 *245 U.S. 57, 62-66, 105 S.Ct. 471, 476-78, 83 L.Ed.2d 461, 467-69 (1984); Dunn v. United States, 284 U.S. 390, 393-94, 52 S.Ct. 189, 190-91, 76 L.Ed. 356, 358-59 (1932); State v. Crisantos (Arriagas), 102 N.J. 265, 272, 508 A.2d 167 (1986); State v. Ingenito, 87 N.J. 204, 211-12, 432 A.2d 912 (1981); State v. Peterson, 181 N.J. Super. 261, 267, 437 A.2d 327 (App.Div. 1981), certif. denied, 89 N.J. 413, 446 A.2d 144 (1982); State v. Maddox, 153 N.J. Super. 201, 214, 379 A.2d 460 (App.Div. 1977); State v. Still, 112 N.J. Super. 368, 373, 271 A.2d 444 (App.Div. 1970), certif. denied, 57 N.J. 600, 274 A.2d 53 (1971). Any inquiry in this regard is limited to whether the counts of which defendant was convicted were supported by sufficient evidence to permit a rational fact finder to find guilt beyond a reasonable doubt. State v. Peterson, supra, 181 N.J. Super. at 265, 437 A.2d 327; see Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Reyes, 50 N.J. 454, 458-59, 236 A.2d 385 (1967). An analysis of the verdict is warranted only in those cases "where an acquittal on one count precludes the finding of one or more elements of an offense charged in a second count as a matter of law." State v. Peterson, supra, 181 N.J. Super. at 266, 437 A.2d 327; see United States v. Powell, supra, 469 U.S. at 68, n. 8, 105 S.Ct. at 479, n. 8, 83 L.Ed.2d at 471, n. 8.
Based on the State's proofs, the jury could have found beyond a reasonable doubt that defendant distributed cocaine under the Fourth Count, distributed the cocaine while within 1,000 feet of school property under the Fifth Count and conspired to distribute cocaine under the Sixth Count. That the jury may have concluded that defendant was not guilty of the possessory offenses charged in the First, Second and Third Counts, notwithstanding that he eventually did distribute cocaine, does not render the conviction under the Fourth, Fifth and Sixth Counts inconsistent with the acquittal under the other counts. The jury could simply have found that defendant did not have possession of the cocaine but that he did aid and abet *246 co-defendant Montijo with respect to the distribution of the cocaine as charged in the Fourth, Fifth and Sixth Counts.
Furthermore, we point out that even though the jurors acquitted defendant of the possessory offenses charged in the First, Second and Third Counts and the evidence was facially sufficient to sustain a conviction on these charges, such does not entitle defendant to a windfall by reversing his fairly obtained and properly supported convictions for distribution under the Fourth, Fifth and Sixth Counts. In this regard, we deem it worthwhile to repeat what our United States Supreme Court observed in United States v. Powell, supra, 469 U.S. at 69, 105 S.Ct. at 479, 83 L.Ed.2d at 471:
[Defendant] is given the benefit of her acquittal on the counts on which she was acquitted, and it is neither irrational nor illogical to require her to accept the burden of conviction on the counts on which the jury convicted. The rule established in Dunn v. United States has stood without exception in this Court for 53 years.... we think it should [remain that way].
Consequently, defendant's challenge to the verdicts on the ground that they are inconsistent does not withstand scrutiny and does not provide a valid basis to reverse his convictions.
Accordingly, the judgment of conviction and order for commitment under review is affirmed.