678 A.2d 1129

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JUAN
CARLOS VILLAR, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 29, 1996—Decided July 18, 1996.

Before Judges PRESSLER, KEEFE and KOLE.

*Benedict and Altman* (*Steven D. Altman* and *Doris E. McNeil*, on the brief), for appellant.

*Robert W. Gluck*, Middlesex County Prosecutor (*Nicholas P. Ruggiero*, on the brief), for respondent.

The opinion of the court was delivered by

KOLE, J.A.D. (retired and temporarily assigned on recall).

Defendant, Juan Carlos Villar (Villar), was charged with the three following offenses:

(1) second degree aggravated assault, *N.J.S.A.* 2C:12–1b(1) (first count);

(2) third degree aggravated assault, *N.J.S.A.* 2C:12–1b(2) (second count); and

(3) third degree possession of a weapon for an unlawful purpose. *N.J.S.A.* 2C:39–4d (third count).

The jury found defendant guilty on counts one and three, and guilty of the lesser-included simple assault on count two. *N.J.S.A.* 2C:12–1a(2) (negligent simple assault with a deadly weapon).

We hold that the trial court improperly instructed the jury with regard to the assault statute causing the conviction on count one to be tainted. Therefore, the conviction on that count must be reversed. We further hold that the conviction on count three cannot stand as a matter of law and must be reversed. However, the conviction on count two for negligent simple assault with a deadly weapon will stand, and this matter will be remanded for sentencing on that offense alone.

This case centers on an event occurring at TGI Friday's in Iselin (Friday's) at about midnight on New Year's Eve, December 31, 1992. At that time, it is clear that defendant, who was very drunk, struck the victim Nancy Gollar (Gollar) in the face with his beer glass causing her lip to split open. What is unclear are the circumstances leading up to and surrounding the event.

Gollar entered Friday's earlier that evening, at around 10:30 p.m. She and her friend went to the bar area and sat next to defendant. They did not know him at that time. Gollar spoke briefly with defendant and then resumed her conversation with her friend.

Sometime around midnight defendant and Gollar again spoke but the content is unknown, perhaps because of what happened next. What is certain is that defendant took offense at what he perceived to be an insult directed at him by Gollar. Thereafter, Gollar turned to leave and defendant hit her in the upper lip with his beer glass, which apparently was heavy. Defendant claims he did not intend to hit her but instead sought to splash her in the face with the remaining contents of his beer glass and she unexpectedly turned into the thrust.

Gollar received seven stitches in her lip and had to undergo follow-up treatment with a dentist, which included a root canal

procedure. To this day she carries a small scar on her lip memorializing defendant's actions.

As stated above, the State charged defendant with three counts for his conduct involving a single event.

The court charged the jury, as to count one, that second degree aggravated assault required the State to show serious bodily injury that was knowing or purposeful, or reckless under circumstances reflecting an extreme indifference to the value of human life. *N.J.S.A.* 2C:12–1b(1). The judge told the jury that voluntary intoxication is a defense to crimes that require the prosecutor to prove purposeful or knowing states of mind. The court next said the lesser-included offense of second degree assault is simple assault, which it described as purposely, knowingly or recklessly causing bodily injury. *N.J.S.A.* 2C:12–1a(1).

The jury convicted defendant of the greater offense—second degree assault. The jury specifically found defendant's state of mind to be reckless, manifesting extreme indifference to the value of human life.

As to count two, the court instructed the jury that third degree aggravated assault is comprised of bodily injury knowingly or purposefully caused with a deadly weapon. *N.J.S.A.* 2C:12–1b(2). The judge instructed on the lesser-included offense for count two, *N.J.S.A.* 2C:12–1a(2), which the court described as negligently causing bodily injury to another with a deadly weapon.

The jury found defendant guilty of the lesser-included offense of negligent simple assault with a deadly weapon. *N.J.S.A.* 2C:12–1a(2). It found defendant not guilty of the second count of third degree aggravated assault with a deadly weapon.

With regard to the third count, the judge told the jury that defendant would be guilty if he possessed a weapon for an unlawful purpose. Again, the jury received the relevant information on the intoxication defense. The jury found defendant guilty on this count.

At sentencing, the trial court weighed the mitigating and aggravating factors and found defendant had not overcome the presumption of incarceration applicable to second degree crimes. The judge sentenced defendant to five years on count one, and merged the count two negligent simple assault with a weapon offense into count one for sentencing. It also imposed a three years term for the count three weapon possession charge, to run concurrently with the five years term.

It is apparent from the jury's findings that the verdicts are inconsistent, inasmuch as defendant has been found to have three states of mind—extremely reckless, negligent and purposeful—and Gollar to have sustained two types of injury—serious bodily injury and bodily injury—all connected to a single blow resulting in a single injury.

[1] An inconsistency warranting reversal will be found only when a finding on one charge negates an essential element of a verdict on another charge. *State v. Ortiz* 253 *N.J.Super.* 239, 245, 601 *A.*2d 735 (App.Div.1992), *certif. denied*, 130 *N.J.* 6, 611 *A.*2d 646 (1992). *See State v. Crisantos (Arriagas)* 102 *N.J.* 265, 272, 508 *A.*2d 167 (1986).

> [I]t is firmly settled that consistency in verdicts is not required under our law. Any inquiry in this regard is limited to whether the counts of which a defendant was convicted were supported by sufficient evidence to permit a rational factfinder to find guilt beyond a reasonable doubt.
>
> [*Ortiz, supra*, 253 *N.J.Super.* at 245, 601 *A.*2d 735 (citations omitted).]

A strict application of the *Ortiz* reasoning might result in upholding the verdicts. Thus, although the states of mind are markedly different, ranging from purposeful and extremely reckless to negligent, one state of mind does not necessarily negate another under the standard enunciated in that case. For example, negligence and extreme recklessness may be deemed consistent, since negligence is a component part of recklessness.

Conceivably there is merit to defendant's argument that the verdicts are factually inconsistent to the extent the states of mind and degrees of bodily injury in the verdicts are different; and that

in such circumstance, defendant should be entitled to some sort of relief. As one commentator has stated, "while merger is the solution to multiple convictions ... it is irrelevant to and cannot solve the problem of inconsistent findings of fact. It would seem the solution is declaration of a mistrial." John M. Cannel, *Criminal Code Annotated*, comment 6 on *N.J.S.A.* 2C:1–8 (1995). In any event, we need not rest the result in this case on the basis of inconsistency of the verdicts.

█ We have concluded that the real problem here, and the reason for the different verdicts, is that the judge mischarged the jury with regard to assault. As stated by the Supreme Court, " 'so critical is the need for accuracy that erroneous instructions on material points are presumed to be reversible error,' " *State v. Brown*, 138 *N.J.* 481, 522, 651 *A.2d* 19 (1994) (quoting *State v. Martin*, 119 *N.J.* 2, 15, 573 *A.2d* 1359 (1990)).

█ Since no request was made here for a lesser-included offense instruction, but, rather, the judge decided to act on her own, the court's obligation was to charge that offense "if the evidence 'clearly indicates' that such a charge is appropriate." *State v. Singleton*, 290 *N.J.Super.* 336, 342, 675 *A.2d* 1143 (App. Div.1996); *see also State v. Purnell*, 126 *N.J.* 518, 540–1, 601 *A.2d* 175 (1992); *State v. Sloane*, 111 *N.J.* 293, 299, 544 *A.2d* 826 (1988); *State v. Choice*, 98 *N.J.* 295, 299, 486 *A.2d* 833 (1985). This rule benefits both the State and defendant, who the jury may acquit of the higher offense and convict on the lower offense. *See Crisantos, supra*, 102 *N.J.* at 272, 508 *A.2d* 167; *State v. Powell* 84 *N.J.* 305, 319, 419 *A.2d* 406 (1980).

In the case at hand, the trial court's duty was to charge those lesser offenses clearly indicated by the record and defined by *N.J.S.A.* 2C:1–8. The tests for finding a lesser-included offense depend on the facts of each case. *State v. Graham*, 223 *N.J.Super.* 571, 576, 539 *A.2d* 322 (App.Div.1988). The relevant guides in this case are contained in *N.J.S.A.* 2C:1–8d(1) and –8d(3), discussed below.

As highlighted by the Supreme Court in *Sloane, supra,* 111 *N.J.* at 297, 544 *A.*2d 826 (citing the assault statute, *N.J.S.A.* 2C:12–1), the degrees of culpability based on the mental state of the actor and the attendant circumstances under the assault statute possibly range over:

| [DEGREE OF OFFENSE/ INJURY] | [STATE OF MIND] | [ATTENDANT CIRCUMSTANCE] |
|---|---|---|
| Second Degree  serious bodily  injury | [–1b(1) ]  that was knowing  or purposeful [or  reckless manifesting  extreme indifference  to the value of human  life] | |
| Third Degree  bodily injury | [–1b(2) ]  that was knowing  or purposeful | with a deadly  weapon |
| Fourth Degree  bodily injury | [–1b(3) ]  that was reckless | with a deadly  weapon |
| Disorderly person  [Simple Assault] | [–1a(1) ] | |
| bodily injury | that was purposeful  knowing or reckless  [–1a(2) ] | |
| bodily injury | that was negligent | with a deadly  weapon |

The appellate courts of this state are somewhat divided on the issue of which forms of assault are lesser-included of the others. The disagreement arises by reason of the fact that the different degrees of assault listed above either explicitly require the use of a deadly weapon for guilt or do not.

One court noted that the requirement of a deadly weapon basically divided assault in two, with one type of assault occurring without a weapon, and the other effectuated with a weapon. *See State v. Jones* 214 *N.J.Super.* 68, 518 *A.*2d 496 (App.Div.1986), *certif. denied,* 107 *N.J.* 102, 526 *A.2d* 176 (1987). The court below appears to have instructed the jury along these lines—that the first count second degree assault without a weapon had as its lesser-included offense, simple assault without a weapon, *N.J.S.A.*

2C:12–1a(1); and that the second third degree assault with a weapon had as its lesser-included offense simple assault with a weapon. *N.J.S.A.* 2C:12–1a(2).

However, we find the reasoning and facts presented in *State v. Graham*, 223 *N.J.Super.* 571, 539 *A.*2d 322 (App.Div.1988), to be apposite to the present case. In the relevant portion of *Graham*, the State charged defendant with second-degree assault. The judge found him guilty of, among other things, the fourth degree assault with a deadly weapon as the lesser-included offense of the second degree assault charge. An issue on appeal was whether the finding of fourth degree assault with a deadly weapon was improper since, in that count, the State had charged defendant solely with a second degree assault, which does not necessarily require a weapon.

We held that defendant was on notice that he risked being found guilty of fourth degree aggravated assault with a weapon though he was charged only with second degree aggravated assault, saying:

> Where the facts of a particular case are such that the State is required to prove that a [second degree] assault was committed with a deadly weapon, a [fourth degree] assault [with a deadly weapon] is a lesser included offense. Put another way, by its silence as to whether the serious bodily injury required of a [second degree] assault must be caused by a deadly weapon, the Legislature intended that the crime is committed regardless of whether a deadly weapon is used. Thus where a deadly weapon is used to commit a [second degree] assault, [fourth degree] assault [with a deadly weapon] is a lesser included offense under *N.J.S.A.* 2C:1–8(d)(1).

> [*Graham, supra,* 223 *N.J.Super.* at 576–7, 539 *A.*2d 322.]

The *Graham* reasoning has been cited with approval by the Supreme Court in *Sloane, supra.* In so doing, the Court implicitly disapproved of *Jones, supra.* The *Sloane* case also stated:

> the structure of the Code certainly permits the inclusion of the third-degree [assault] offense [with a deadly weapon] under the theory that that offense differs from the second-degree [assault] offense "only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission."

[*State v. Sloane*, 111 *N.J.* 293, 301, 544 *A.2d* 826 (1988) (citing *N.J.S.A.* 2C:1–8d(3)) addressing a situation where defendant had committed an assault with a knife.]

*Sloane* and *Graham* thus lead to the conclusion that when a trial court is confronted with a situation where a defendant is indicted for second degree aggravated assault, and the proofs show commission of the assault with a deadly weapon, and that lesser-included assault charges must be given, the court must instruct the jury that second degree assault's lesser-included offense is third degree assault with a deadly weapon, which, in turn, has as its lesser offense fourth degree assault with a deadly weapon, which, in turn, has the included lesser offense of negligent simple assault with a deadly weapon.

This is so, since *N.J.S.A.* 2C:1–8d(1) and –8d(3) define lesser-included offenses as those which are established "by proof of the same or less than all the facts required to establish the commission of the offense charged . . . .," *N.J.S.A.* 2C:1–8d(1), and those that "differ[ ] from the offense charged only in the respect that a less serious injury or risk of injury to the same person . . . or a lesser kind of culpability suffices to establish its commission." *N.J.S.A.* 2C:1–8d(3).

In the present case, the judge below did instruct on lesser offenses, but did so improperly. She told the jury that simple assault without a weapon was *the* lesser-included offense of count one second degree aggravated assault; and that negligent simple assault with a weapon was *the* lesser-included offense of count two third degree aggravated assault with a weapon. Further, she did not disclose the relationship between the counts themselves, and did not instruct on fourth degree assault. Thus, on count one, the jury had the choice of finding a second degree crime, the highest level of culpability in the assault statute, and simple assault, the lowest level in the statute. On count two, the jury had to choose between third degree aggravated assault with a weapon and simple assault with a weapon. These instructions are contrary to the purpose of charging lesser included offenses, which is to give

the jury an accurate description of the full range of choices they face.

We believe that the judge became obligated to disclose that third degree aggravated assault involving a weapon is a lesser-included offense of second degree aggravated assault which does not necessarily require a weapon. While this is not always the case, it is here, where an alleged weapon was used to further the assault. *See Sloane, supra,* 111 *N.J.* at 299, 544 A.2d 826; *Graham, supra,* 223 *N.J.Super.* at 576, 539 A.2d 322; *N.J.S.A.* 2C:1–8d(1) and –d(3). Also, the trial court improperly failed to instruct the jury that fourth degree aggravated assault with a weapon is another lesser-included offense clearly implicated from the facts. *Graham, supra,* 223 *N.J.Super.* at 576, 539 A.2d 322. The court then should have listed negligent simple assault with a weapon as a lesser-included offense of fourth degree assault. *Id.* at 576–7, 539 A.2d 322.

Further, in a case such as this, involving only one assault event, where the proofs so warrant, the court, in its charge to the jury, should tell them to work from the top down as follows: that if they find defendant guilty of second degree assault, they should stop; if not, they should move to third degree; then fourth degree only if third is not found; and simple assault with a weapon if fourth degree is negated. This will avoid the problem here of having the jury convict defendant of second degree aggravated assault and simple assault for the same single act.

It is important to remember that there was indeed only one act of assault here, and not two. If there were more than one assault several counts of assault could stand side by side. In this case, however, defendant's single alleged assault, and the use of the glass, dictated an instruction solely on count one, with the above indicated lesser-included offenses.

Since the instructions on counts one and two mischarged the jury, the verdict rendered on count one for second degree aggravated assault must be reversed. *State v. Brown,* 138 *N.J.* 481, 522, 651 A.2d 19 (1994).

We now turn to defendant's conviction on count three for third degree possession of a weapon for an unlawful purpose. *N.J.S.A.* 2C:39–4d. The court below sentenced defendant on this conviction to a three years term to run concurrently with the five years term.

The jury expressly declined to find defendant guilty of purposeful or knowing states of mind with regard to the aggravated assault, but, nevertheless, found it was defendant's intent to possess the beer glass for an unlawful purpose. Further, it is clear defendant possessed the beer glass in order to drink beer; and that he was found to possess it for an unlawful purpose only at the instant he struck Gollar with the glass.

As stated in *State v. Harmon,* 104 *N.J.* 189, 203, 516 *A.*2d 1047 (1986), for a defendant to be liable for possession of a weapon with an unlawful purpose, it must have been his or her conscious objective to engage in a specific unlawful purpose at the time of possession. *See State v. Daniels,* 231 *N.J.Super.* 555, 558, 555 *A.*2d 1180 (App.Div.1989).

Here, defendant's conscious objective in possessing the glass was drinking, not hitting. He cannot be found guilty of possession with an unlawful purpose for the momentary flash between the possession of the glass for a lawful purpose and the alleged assault. As stated in *Harmon,* "[w]e are thus compelled by the fundamental precepts of the Code to interpret section 39–4 as applying only when an individual arms himself with the actual purpose of using the weapon against another in a criminal matter." *Harmon, supra,* 104 *N.J.* at 204, 516 *A.*2d 1047. There is no proof that defendant armed himself to assault Gollar; rather, the proofs indicate he hit her with what happened to be lawfully in his hand. The conviction must be reversed and defendant must be acquitted on this count.

From the foregoing it is clear that normally this case would have to be remanded for a new trial on count one and its lesser-included offenses.

However, because the jury acquitted defendant on count two of third degree aggravated assault with a deadly weapon, the State cannot again try him on that offense. *N.J.S.A.* 2C:1–9a. This lesser-included offense of aggravated assault cannot be charged at a retrial. Additionally, we are convinced that, under the unique facts of this case, and the nature of the jury findings, but for the erroneous jury instructions on assault, the jury would have returned a verdict of guilty solely on the lesser-included offense of negligent simple assault with a deadly weapon. We thus believe it is in the interests of justice that all assault convictions be vacated, except the negligent simple assault with a deadly weapon, which is amply supported by the evidence.

Thus, the count one conviction for second degree aggravated assault is reversed; the count two conviction on the lesser-included offense of negligent simple assault with a deadly weapon is affirmed and unmerged and reinstated; and the count three conviction for possession of a weapon for an unlawful purpose is reversed.

This matter is remanded for sentencing on the disorderly persons offense of negligent simple assault with a deadly weapon. *N.J.S.A.* 2C:12–1a(2).

In view of the foregoing determination, we need not address the other issues raised on appeal.